Morton, J.
This is an action of tort to recover damages for injuries suffered when the defendant closed the door of an automobile upon a-finger of the plaintiff. The answer was a general denial, a denial of agency and a plea of contributory negligence.
The evidence tended to show that the plaintiff, at the time of the accident, was a minor employed as an attendant at a gasoline station, and responded to the request of the defendant for gasoline. In the course of his duties the plaintiff cleaned the windshield of the automobile being operated by the defendant, and, in so doing, supported himself by placing his right hand upon the left front post thereof in such a position that his fing’ers or a finger would be injured if the door were closed. While the plaintiff was *144 so doing, the defendant got out of the car, and, while his back was turned to the plaintiff, and without warning, slammed the door of the automobile thereby crushing and breaking a finger of the plaintiff in the jam of the door.
The defendant duly filed four requests for rulings' all of which were denied by the court “as they are inconsistent with the facts as found by me.” The defendant waived the issues raised by the denial of his requests with the exception of the first. The first request is as follows:
“1. There is some evidence that the plaintiff’s own conduct contributed to his injuries.”
The defendant contends that the disposition of the request in issue means that the court failed to consider any of the evidence bearing on the issue of contributory negligence, and furthermore, that there is an indication that he even refused to consider such evidence. We think this contention is without merit.
If the request had been denied without comment the contention of the defendant would be sound. In Bresnick v. Heath, 1935 A. S. 2297 the following request was denied by the trial court without comment:
“There is evidence to warrant the court to find for the plaintiff.”
With regard to the action of the trial court, Mr. Chief Justice Rugg says at page 2301:
“The denial of request 7 involved a ruling as matter of law that there is no evidence to warrant recovery by the plaintiff.”
In Shore v. Shore, No. 1487 of cases in this division, the denial without comment of a request similar to the one in issue was held to be a ruling that, as matter of law, the evidence could not amount to lack of due care. The latter *145 case was cited by tbe defendant in support of his contention.
The cases above cited are not applicable to the issue in the instant case because a denial of a request without comment is vastly different from a denial thereof as inconsistent with the facts found. For instance, in Bresnick v. Heath, above cited, the court held that the action of the trial court would have been free from error if it had been stated that the request “had become immaterial because of a finding in favor of the defendant on the facts.” Such disposition of the request would, in effect, be similar to a denial as inconsistent with the facts found; and we have no doubt that the action of the trial court would have been affirmed in Bresnick v. Heath if such reason had been given for the denial of the request above quoted.
It is true that in Mericantante v. Boston & Maine Railroad, 1935 A. S. 1613 the Supreme Judicial Court held that the denial of requests as inapplicable to facts found was not to be encouraged. The language of the court in that respect was as follows:
“As to request No. 2, the judge ruled ‘Denied as inapplicable to the facts found.’ This method of dealing with requests is not to be encouraged, where there are no specific findings of fact. It cannot be assumed that by ‘the facts found’ the judge meant those set forth in the request itself. He may have had in mind other facts found, but not stated. This court is left with no means of knowing to what facts the judge has ruled the request is inapplicable, and the same difficulties may arise which were discussed in John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 17.”
Such disposition of requests is not to be encouraged because there may be cases where the Appellate Court will be unable to determine whether the trial court had correct principles of law in mind when denying requests for rul *146 ings as inapplicable or inconsistent. But even if such disposition of rulings is not to be encouraged tbe action of tbe trial court in so doing will be upheld if it appears that no prejudicial error has been committed. For instance, in tbe case last cited tbe court said that there was no error in refusing tbe request, and tbe action of tbe trial court was upheld. In Hetherington & Sons v. William Firth Co., 210 Mass. 8, at pages 18 and 19 tbe court says, with regard to tbe refusal of requests for rulings without comment:
“When a request is presented such as in a jury trial ought to have been given, an exception to a refusal to grant it by a judge sitting without a jury must be sustained, unless tbe ground of refusal is distinctly stated or plainly appears in some way on tbe record and is such as to show that no barm has been done by tbe refusal, or unless it is obvious on tbe whole that no rights of parties have been endangered.....It does not require that exceptions be sustained when it is not apparent upon tbe whole that some substantial error injuriously affecting tbe rights of parties has been committed.....But it does require him, when refusing a request, founded upon evidence, to state expressly or by fair inference, either that tbe legal proposition presented is unsound or inapplicable, or that tbe facts upon which it is predicated are not found to be true. Failure in this regard affords reasonable apprehension that there has been a miscarriage of justice.”
In Rodde v. Nolan, 281 Mass. 493 there was a finding for tbe defendant, and tbe requests for rulings filed by tbe defendant were denied without comment. No statement of tbe facts as found by tbe trial court was filed. With regard to this tbe court says at page 497:
“Without a finding of facts it cannot be assumed that tbe requests for rulings were refused because inapplicable in view of tbe facts so found.”
If tbe requests in that case bad been denied as inapplicable to, or inconsistent with, facts found tbe finding for tbe *147 defendant would undoubtedly have been affirmed. In Puritan Wool Co. v. Winsted Hosiery Co., 263 Mass. 467 the court held, in effect, that a denial of requests for rulings as inapplicable must be taken to mean that the court did not find the facts to be as set forth therein.
“The general finding for the defendant imports a finding of all subsidiary facts necessary to that conclusion so far as warranted by the evidence.” Engel v. Checker Taxi Company, 275 Mass. 471.
The general finding in the instant case, therefore, would import a finding that the defendant was negligent, and that the plaintiff was in the exercise of due care. That this was the finding of the court, we think, is obvious from his denial of the request for ruling in issue as inconsistent with facts found.
We think that the denial of the request in issue as inconsistent with facts found was within the rule as set forth in Hetherington & Sons v. William Firth Co. as it is “obvious on the whole that no rights of parties have been endangered” and “it is not apparent upon the whole that some substantial error injuriously affecting the rights of parties has been committed.” The action of the trial court does show that the facts upon which the request for ruling was predicated are not found to be true, and, upon the whole issue, we have no apprehension that there has been a miscarriage of justice. For these reasons we think that there was no prejudicial error in the denial of the request for ruling in issue.
The plaintiff raises a further issue as to the propriety of the action of this court in establishing the report in the instant case upon the recommendation of the Justice-Referee. This issue is not properly before us. The decision and order establishing the report was signed by three justices of this court upon the recommendation of a single *148 justice. If, in that proceeding, there were issues of law involved, the remedy of the plaintiff was a direct appeal to the Supreme Judicial Court. If no issues of law were involved, the action of the Appellate Division in establishing the report was final. In either case there was nothing further for this court to consider. This whole procedure is carefully explained by Mr. Chief Justice Rugg in Patterson v. Ciborowski, 277 Mass. 260.
As there was no prejudicial error in the disposition of the request for ruling in issue, an entry will be made dismissing the report.