WHITTAKER CHAIN TREAD COMPANY *vs.* STANDARD AUTO SUPPLY COMPANY.

Suffolk.   January 15, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Accord and Satisfaction.   Payment,* By "voucher" check.   *Estoppel.*

Collection, by LORING, J., of authorities as to the effect of the acceptance by a creditor of an amount less than the full amount of his claim, tendered by the debtor on condition that it be accepted in satisfaction of the entire claim.

Where a debtor, admitting that he owes his creditor a certain amount of money for merchandise delivered to him, pays that amount to the creditor by a "voucher" bank check, which has annexed to it what the debtor contends is a correct itemized statement of the account between the parties and contains a credit which the creditor has disputed, and which states that it is "in full settlement of invoices enumerated" in the account, the creditor, by accepting and cashing the check, is not precluded from asserting that the payment is on account and from enforcing against the debtor a claim for a balance still due to him on the account.

CONTRACT upon an account annexed for the price of certain chain treads for automobiles. Writ in the Municipal Court of the City of Boston, dated April 13, 1912.

On appeal to the Superior Court, the case was heard by *Irwin,* J., without a jury. It appeared that there was a dispute between the parties as to whether the defendant should have been credited with certain chains returned by him to the plaintiff. The judge found that he should not have been so credited, and that the plaintiff was entitled to recover $50.02 and interest unless its claim had been extinguished by the fact that the plaintiff accepted and cashed the defendant's check for $30.01, which the judge described as follows:

"The check was unusual in that it was printed on a piece of paper about twice the size commonly used for such instruments. Upon one-half of the paper were printed the commonly used terms of the every-day check. Upon the other half of the paper was printed the following legend:

[Printed at the top]

"'Voucher  Check

In full settlement of invoices enumerated hereunder, viz:

| Date | Item | Amount. |
|---|---|---|
| [Written] | | |
| 1911 | | |
| Sept. 1 | Inv. | $80.03 |
| Oct. 10 | Less chains ret'd as per debit memo. | 50.02 |
| | | $30.01 |

[Printed with a rubber stamp]
      "'Bank will not accept if this voucher is detached.'
[Printed at the bottom]
      "'Should the above items be incorrect, return this
         check with explanation by return mail.'""

The judge found for the plaintiff and reported the case for determination by this court.

*J. E. Crowley*, for the defendant.

*R. M. Smith*, for the plaintiff.

LORING, J.   The plaintiff sold and delivered to the defendant goods to the amount of $80.03.   The defendant undertook to return a part of the goods sold, of the value of $50.02.   The plaintiff disputed its right to do so and refused to receive the goods from the teamster through whom the defendant undertook to make the return.   While matters were in this condition the defendant sent the plaintiff a check for $30.01, which was admittedly due and which the defendant stated was in full settlement of the account. The plaintiff cashed the check and on the following day notified the defendant that it had done so, and demanded payment of $50.02, the balance claimed by it to be due after crediting the amount of the check as a payment on account.   The judge found that the defendant had no right to return the goods which it attempted to return, and that the plaintiff was entitled to recover the $50.02 due from them unless it was barred by cashing the check.

Cases in which debtors have undertaken to force a settlement upon their creditors by sending a check in full discharge of a disputed account have given rise to more than one question upon which there is a conflict in the authorities.

In *Day* v. *McLea*, 22 Q. B. D. 610, it was decided by the Court of Appeal in England that a creditor who cashes a check sent in full settlement is not barred from contending that he did not agree to take it on the terms on which it was sent if at the time he accepts it he says that he takes it on account.  The ground of that decision was that to make out the defense of accord and satisfaction the debtor must prove an agreement by the creditor to take the sum paid in settlement of the account, and that if the creditor in taking the check notifies the debtor that he accepts it on account and that he refuses to accept it in full settlement, the debtor as matter of law has not proved an agreement on the part of the creditor to accept the check in satisfaction of the claim, but that that question must be decided by the jury.  This doctrine is upheld in 17 Harvard Law Review, at p. 469, and in the case of *Goldsmith* v. *Lichtenberg*, 139 Mich. 163.  See also in this connection *Krauser* v. *McCurdy*, 174 Penn. St. 174; *Kistler* v. *Indianapolis & St. Louis Railroad*, 88 Ind. 460.

But the true rule is to the contrary.  The true rule is put with accuracy in *Nassoiy* v. *Tomlinson*, 148 N. Y. 326, 331, in these words: "The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand.  He could not accept the benefit and reject the condition, for if he accepted at all, it was *cum onere*.  When he indorsed and collected the check, referred to in the letter asking him to sign the enclosed receipt in full, it was the same, in legal effect, as if he had signed and returned the receipt, because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered."  And to that effect is the weight of authority. *Nassoiy* v. *Tomlinson*, 148 N. Y. 326.  *Washington N. Gas Co.* v. *Johnson*, 123 Penn. St. 576.  *Partridge Lumber Co.* v. *Phelps-Burruss Lumber & Coal Co.* 91 Neb. 396.  *Neely* v. *Thompson*, 68 Kans. 193.  *Hull* v. *Johnson*, 22 R. I. 66.  *Cunningham* v. *Standard Construction Co.* 134 Ky. 198.  *Canton Union Coal Co.* v. *Parlin*, 215 Ill. 244.  *Petit* v. *Woodlief*, 115 N. C. 120.  *Pollman & Brothers Coal & Sprinkling Co.* v. *St. Louis*, 145 Mo. 651. *Potter* v. *Douglass*, 44 Conn. 541.  *Cooper* v. *Yazoo & Mississippi Valley Railroad*, 82 Miss. 634.  *Barham* v. *Kizzia*, 100 Ark. 251.  *Thomas* v. *Columbia Phonograph Co.* 144 Wis. 470.  *Sparks* v. *Spaulding Manuf. Co.* 158 Iowa, 491.  See also in this con-

nection *McDaniels* v. *Bank of Rutland,* 29 Vt. 230; *Hutton* v. *Stoddart,* 83 Ind. 539; *Creighton* v. *Gregory,* 142 Cal. 34.

Indeed the decision in *Day* v. *McLea, ubi supra,* was explained by the Court of Appeal in the recent case of *Hirachand Punamchand* v. *Temple,* [1911] 2 K. B. 330, and made to rest not on the lack of agreement, but on the lack of consideration.

But in cases (like the case at bar) where there is a dispute as to the amount due under a contract and payment of an amount which he (the debtor) admits to be due (that is to say, as to which there is no dispute) is made by the debtor in discharge of the whole contract, further and other questions arise.

The question whether the creditor who under these circumstances accepts such a payment, protesting that he takes it on account, is or is not barred, is a question upon which again the authorities are in conflict. It was held in the following cases that a creditor in such a case is barred: *Nassoiy* v. *Tomlinson,* 148 N. Y. 326; *Ostrander* v. *Scott,* 161 Ill. 339; *Tanner* v. *Merrill,* 108 Mich. 58; *Neely* v. *Thompson,* 68 Kans. 193; *Treat* v. *Price,* 47 Neb. 875; *Hull* v. *Johnson,* 22 R. I. 66; *Cunningham* v. *Standard Construction Co.* 134 Ky. 198; *Pollman & Brothers Coal & Sprinkling Co.* v. *St. Louis,* 145 Mo. 651. See also in this connection *Chicago, Milwaukee & St. Paul Railway* v. *Clark,* 178 U. S. 353. But in the following cases it was held that he was not barred: *Demeules* v. *Jewel Tea Co.* 103 Minn. 150; *Seattle, Renton & Southern Railway* v. *Seattle-Tacoma Power Co.* 63 Wash. 639; *Prudential Ins. Co.* v. *Cottingham,* 103 Md. 319. See also in this connection *Chrystal* v. *Gerlach,* 25 So. Dak. 128; *Robinson* v. *Leatherbee Tie & Lumber Co.* 120 Ga. 901; *Walston* v. *F. D. Calkins Co.* 119 Iowa, 150; *Weidner* v. *Standard Life & Accident Ins. Co.* 130 Wis. 10; *Louisville, N. A. & C. Railway* v. *Helm & Bruce,* 109 Ky. 388.

The decision in most of these cases was made to turn upon the question whether payment of the amount admitted to be due without dispute did or did not constitute a valid consideration for the discharge of the balance of the debt about which there was a dispute. If that were the only question involved in the case at bar it would be necessary to consider whether *Tuttle* v. *Tuttle,* 12 Met. 551, is in conflict with the well settled law of the Commonwealth that a promise to pay one for doing that which he was

under a prior legal duty to the promisee to do is not binding for want of a valid consideration. The cases are collected in *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 194.

*Tuttle* v. *Tuttle, ubi supra*, was a case in which the holder of a note made an express agreement to forego a claim which he had made to interest on the note in consideration of payment of the balance of the principal then unpaid. It was a question whether he was entitled to interest, but there was no question of his right to the principal. It was held that this agreement was a bar to any claim for interest on the note. There was no discussion in the opinion as to the lack or validity of a consideration. But the point was involved in the decision.

In the case at bar there was no express agreement by the creditor to forego the balance of his claim on receiving payment of the amount admitted without dispute to be due. The only way in which such an agreement can be made out in the case at bar is on the ground that the plaintiff had to take the check sent him on the condition on which it was sent, and that by cashing the check he elected to accept the condition and so took the part admittedly due in full discharge of the whole debt. But while the doctrine of election is sound where a check is sent in full discharge of a claim no part of which is admitted to be due, it does not obtain where a debtor undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute. Such a condition, under those circumstances, is one which the debtor has no right to impose, and for that reason is void. In such a case the creditor is not put to an election to refuse the payment or to take it on the condition on which it is offered. He can take the payment admittedly due free of the void condition which the debtor has sought to impose. Take an example: Suppose the defendant had agreed to deliver to the plaintiff a stipulated quantity of iron for a stipulated price during each month of the year, and after six months the market price of iron was double that stipulated for in the contract. Suppose further that the defendant on the seventh month sent the stipulated amount of iron but on condition that the plaintiff should pay double the stipulated price, can there be any doubt of the plaintiff's right to retain the iron without paying the double price? That is to say, can there be any doubt that the condi-

tion which required the plaintiff to pay double the contract price
for the instalment sent was void and that the plaintiff under those
circumstances· is not put to an election but can keep the iron
under the contract? There can be no doubt on that question in
our opinion; and in our opinion the principle of law governing
that case governs the case at bar, where the debtor undertook
without right to impose upon a payment of what admittedly was
due a void condition that it be received in full discharge of what
was in dispute.

It follows that in accepting the check in the case at bar as a
payment on account, the plaintiff was within its rights and that
it has not agreed to accept it in full settlement of the balance of
the account. By the terms of the report judgment is to be entered
for the plaintiff in the sum of $50.02, with interest from the twen-
tieth day of October, 1911; and it is

*So ordered.*