CHARLES MOSS *vs.* S. L. GOLDSTEIN.

Suffolk. November 30, December 2, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Payment. Accord and Satisfaction. Practice, Civil,* Findings by trial judge.

At the trial in a municipal court of an action upon an assignment of an account annexed for the purchase price of shoes sold and delivered, there was evidence warranting a finding that no warranty of quality was broken by the plaintiff, and it appeared that, after the last shipment, the defendant, enclosing a check, wrote the vendor as follows: "You will find enclosed a check for all shoes you have shipped me to date. You will notice I am taking a discount of ten per cent. I find the shoes poor fitters, and very poorly made. If same is not satisfactory you may return the check and I will return the shoes. . . . I can use the shoes to very good advantage if they look better. Considering that they do not I cannot afford to pay you the agreed price." The vendor cashed the check without further communicating with the defendant and assigned the account to the plaintiff, who brought the action. The judge found for the plaintiff. *Held,* that

(1) From the judge's finding, it was evident that he took the view, justified by the evidence, that the defendant did not maintain the burden of proving an accord and satisfaction;

(2) Even if it were assumed that the check was accepted with the conditions attached, the case would come within the rule, which is well established in Massachusetts, that an agreement to accept a part of a debt in payment for the whole is not binding unless it is made by an instrument under seal. Per SANDERSON, J.

CONTRACT for $382.80 by the assignee of an account alleged to have been due from the defendant to Peter Benoit. Writ in the Municipal Court of the City of Boston dated November 11, 1924.

Material evidence at the trial in the Municipal Court is described in the opinion. The trial judge found for the plaintiff in the sum of $382.80 and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*B. Levin,* for the defendant.

*S. Sigilman,* for the plaintiff, submitted a brief.

SANDERSON, J. This is an action of contract for goods sold and delivered, the plaintiff being assignee of the account from Peter Benoit, the vendor. On separate dates, beginning August 22, 1924, and ending September 4, 1924, seven lots of shoes were sold to the defendant at an agreed price for each lot, the whole amounting to $3,662, with credits of $1,200 on August 22 and of $2,079.20 on September 4, leaving a balance of $382.80. The answer, in addition to a general denial and defence of payment, alleges delivery by the defendant and acceptance by the plaintiff's assignor of a check in the sum of $2,079.20 in full satisfaction and accord of the claims set forth in the plaintiff's declaration.

Benoit was a shoe jobber in Haverhill. His general manager, one Goodwin, had sold the shoes to the defendant at Benoit's place of business from samples there shown. The shoes were received by the defendant at the times stated in the declaration. The defendant testified that many pairs of shoes introduced at the trial as part of the shipments showed defects in appearance, shape and workmanship. Goodwin, testifying for the plaintiff, said that these conditions were consistent with the price paid for these

shoes because they were "inexpensive shoes," that they were not defective, and that the defendant made no complaint before mailing the check on September 4, 1924, when the defendant sent a letter to Benoit in the following language: "You will find enclosed a check for all shoes you have shipped me to date. You will notice I am taking a discount of ten per cent. I find the shoes poor fitters, and very poorly made. If same is not satisfactory you may return the check and I will return the shoes. Unless the balance of them run *no poorer* I do not want them. I can use the shoes to very good advantage if they look better. Considering that they do not I cannot afford to pay you the agreed price. Kindly advise . . . whether you will ship the balance at the same price." Accompanying this letter was the defendant's check for $2,079.20, on which the invoices were enumerated and the statement made that ten per cent discount had been deducted and that the check was in full settlement of those invoices. Benoit cashed the check without communicating with the defendant, and on October 28 assigned his claim to the plaintiff. The defendant made various requests for rulings all of which were refused, and the finding was for the plaintiff. The requests become immaterial unless as matter of law the check sent and received under the circumstances stated was a settlement of the defendant's whole liability.

The trial judge could have found upon the evidence that there was no breach of warranty, no genuine dispute about the amount due, no compromise of a disputed claim, and that the plaintiff had no reason to believe that the defendant's letter and check were anything but an effort to get a discount to which he was not entitled on an admitted liability. In finding for the plaintiff and declining to make the findings of fact and rulings requested by the defendant, it is evident that the judge took the view, justified by the evidence, that the defendant did not maintain the burden of proving an accord and satisfaction. In these circumstances if it be assumed that the check was accepted with the conditions attached, "the case would come within the rule which is well established in Massachusetts, that an agreement to

accept a part of a debt in payment for the whole is not binding unless it is made by an instrument under seal." *Specialty Glass Co.* v. *Daley,* 172 Mass. 460, 461. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 194. In the view most favorable to the defendant, there is nothing in the record to show a payment of more than the defendant admitted to be due. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204, 208.

All exceptions argued have been considered and no reversible error appears.

*Order dismissing report affirmed.*