PURITAN WOOL COMPANY *vs.* WINSTED HOSIERY COMPANY.

Suffolk.   March 12, 1928.— May 24, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil*, Appeal, Finding by trial judge.

A refusal by a judge of a district court, stated in a report by him to the Appellate Division, to rule in accordance with requests presented to him by the defendant, which were grounded upon facts recited therein, because the requests were "inapplicable," must be taken to mean that the defendant had not proved the facts so recited. .

A refusal by a judge of a district court to grant a request for a ruling which is based upon facts as to which the evidence was conflicting, where findings by him which would make the ruling inapplicable are warranted, cannot be said to have been error.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated November 22, 1926.

Material evidence at the trial in the Municipal Court is stated in the opinion.   The judge found for the plaintiff in

the sum of $410.95 and interest and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*C. C. Cabot,* for the defendant.

*A. M. Schwarz & R. R. Sullivan,* for the plaintiff.

PIERCE, J. This is an action of contract upon an account annexed in which the plaintiff seeks to recover $410.95 — the balance alleged to be due on a shipment of three thousand, two hundred forty-two pounds of merino hosiery clips at thirty-eight cents a pound, amounting to $1,231.96, and $4 for sixteen bags in which the clips were shipped, making a total of $1,235.96, subject to a credit of $825.01. The defendant's answer is a general denial, a special plea of payment and of accord and satisfaction. The case is before this court on appeal from an order, "Report dismissed," by the Appellate Division of the Municipal Court of the City of Boston.

It was agreed at the trial that $1,235.96 was the agreed sale price, that the defendant bought the goods as set forth in the plaintiff's declaration, and that the sale was a sale by sample. Evidence introduced at the trial by the defendant tended to show that the sample upon which the goods were sold contained sixty-three per cent wool. Evidence introduced by the plaintiff tended to show that the sample contained approximately forty per cent wool. The report in terms makes no finding as to which contention was right.

The evidence showed the clips which were shipped contained between thirty-eight and thirty-nine per cent wool, and the evidence for the defendant was that a variance of three to five per cent as to the wool content would not be considered by the defendant a variance sufficient to cause rejection of the shipment. The report states that the defendant upon receipt of the shipment refused to accept the same, for the reason that the wool did not correspond to the wool percentage in the sample, and that the shipment contained a certain amount of colored goods, whereas the sample did not. The report makes no finding as to this complaint, nor does it appear that evidence was introduced,

to sustain or controvert the allegation of the defendant in this respect.

The defendant, by a letter dated June 22, 1926, which is not in the report, "asked the plaintiff for shipping instructions for the goods stating that it refused to accept the same." After some correspondence, a representative of the plaintiff went to the defendant's mill in Connecticut, and evidence, which was contradicted by the plaintiff, was introduced by the defendant, tending "to show that an agreement was then made that the defendant should accept the goods and would deduct from the plaintiff's bill labor charges for sorting the colored stock from the rest of the shipment, and ½ cent per pound for each 1% of wool in the shipment less than in the sample." July 1, 1926, by letter, the defendant confirmed the agreement as it understood it, saying "If this is not in accordance with your understanding of the agreement please wire us on receipt of this letter." On July 2, 1926, not having received wire or other communication in response to its letter of July 1, the defendant sent the plaintiff a check in the amount of $825.01, with a statement and letter. This statement showed a deduction of $402.62, computed "by deducting from the original contract price of 38 cents per pound, one-half cent per pound for each per cent of wool in the shipment less than in the sample; that the sample tested 63% wool and the shipment 39% wool, being a difference of 24% which at one-half a cent per pound on 3,242 pounds originally shipped less 33 pounds returned to the plaintiff as colored stock made a total of three hundred eighty-five dollars and eight cents ($385.08). A further deduction of 38 cents per pound for 33 pounds of colored stock returned to the plaintiff being twelve dollars and fifty-four cents ($12.54) and a charge for ten hours labor in sorting out the colored stock of five dollars ($5.00)." The letter accompanying the check and statement is as follows: "Enclosed please find our check for $825.01 in settlement of your bill of June 4th. As per agreement with your Mr. Lyons, we sorted the colored stock out of the shipment and mixed the balance of it in one pile on the floor. We then garnetted several hundred pounds from this mixture and tested the

result. We found that it tested between 38% and 39% wool. We have, therefore, charged you the different of ½ cent per pound between 39% and 63% which the original sample contained. We have also charged you what it cost to sort the colored stock out and have charged you back the colored stock which we will ship wherever you may direct. You can readily see that our first test showing this stock contained 40% was not far out of the way. We regret that you are put to such a loss, but we consider that we are paying for all we are getting out of the transaction." By letter dated July 12, 1926, the plaintiff wrote "to the defendant stating that it never agreed to any such settlement as the defendant alleged and asking for payment of the balance of the bill." When this letter was written the check had been cashed.

At the close of the evidence and before final arguments the defendant made the following requests for rulings, all of which were denied by the judge, those numbered one and two being denied as inapplicable:

"I. Upon all the evidence the plaintiff is not entitled to recover due to the fact that a complete settlement of the plaintiff's claim was agreed upon between the parties on or about July 1, 1926, and thereafter the said settlement was completely carried out, and the plaintiff accepted and cashed a check in the amount of eight hundred twenty-five dollars and one cent ($825.01) as full settlement of its claim against the defendant.

."II. The failure of the plaintiff to reply to the defendant's letter of July 1st amounted to an acceptance of the proposition stated in that letter and the plaintiff was thereafter bound thereby.

"III. If the plaintiff accepted and cashed the defendant's check for eight hundred twenty-five dollars and one cent ($825.01) which was sent to the plaintiff with the defendant's letter of July 2nd stating that it was in settlement of the plaintiff's claim, the plaintiff is thereby barred and cannot recover in this action."

The judge found for the plaintiff on its declaration, and reported the case to the Appellate Division for determination.

On the answer the burden of proof was upon the defendant to establish payment for the goods delivered it. There is no evidence reported and no claim made in the brief of the defendant that the agreed sale price for the goods was ever paid. The defendant also had the burden of proving that the plaintiff through an authorized agent made an accord with the defendant in substance like the agreement that the defendant testified was made shortly before July 1, 1926. The refusal of the judge to rule in accordance with requests numbered one and two because they were "inapplicable" must be taken to mean that the defendant had not proved that there had been a settlement or accord of the plaintiff's claim between the parties, and because of that absence of proof he did not find that the check of $825.01 was received and cashed by the plaintiff in satisfaction of its debt and in compliance with the agreement of settlement. The refusal of the judge to rule in accordance with request numbered three was evidently based upon his finding, upon conflicting evidence, that the sample called for approximately forty per cent wool and not sixty-three per cent wool, and that the wool delivered met the requirement of the standard both as to percentage of wool and as to its color. Finding these facts, we assume he further found that there was no genuine dispute about the amount due, that there was no compromise of a disputed claim, and that the receipt of the letter and check at the most amounted to an agreement to accept the check in part payment of an admitted debt. Such findings were warranted on the facts reported, and the judge's refusal to make the requested rulings was clearly right. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204. *Moss* v. *Goldstein,* 254 Mass. 334. Order "Report dismissed" affirmed.

*So ordered.*