DEDHAM LUMBER COMPANY *vs.* PAUL G. HARTUNG.

Middlesex.   December 11, 1931. — March 15, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Payment,* By check.   *Accord and Satisfaction.*

The burden of proving an accord and satisfaction as a defence to an action for goods sold was not sustained by the defendant, who claimed that he had agreed to pay for a part only of such goods, where it was undisputed that the defendant sent the plaintiff a check payable to his order on which was written "to balance account" and that the plaintiff cashed the check after striking out such words and notified the defendant of his having done so, but there was no evidence that the defendant claimed that no part of the alleged debt was due, nor that he asserted that his real liability was less than the amount of the check, and it appeared that, if there was any agreement between the parties as to the amount of the debt, that amount was larger than the amount of the check.

The trial judge properly submitted the action above described to the jury with a charge which precluded them from finding for the defendant upon the basis of an accord and satisfaction, but left them free to find that the contract between the parties was as it was claimed by the defendant to be and that the amount of the check or less was due when the defendant's check was received by the plaintiff.

CONTRACT.   Writ in the Second District Court of Eastern Middlesex dated April 9, 1930.

Upon removal to the Superior Court, the action was tried before *Gray,* J.   Material evidence and portions of the judge's charge are described in the opinion.   Requests for rulings numbered 1, 2, and 3, referred to in the opinion and refused by the judge, were as follows:

"1. It is for the jury to determine whether the defendant at the time the check, exhibit No. 5, was sent intended it to be an accord and satisfaction of all outstanding claims against him relating to the Elliott houses and whether the plaintiff understood or reasonably should have understood when it received said check that it was so proffered.   The fact that the plaintiff struck out the words 'to balance

account per agreement covering Elliott houses' and that it later sent the letter, exhibit No. 6, are immaterial.

"2. If the jury find that the plaintiff ought reasonably have understood that the check was proffered to be used only upon condition that it was an accord and satisfaction of the claims against the defendant relating to the lumber furnished for the Elliott houses, and if the plaintiff had notice at that time that there was a bona fide dispute between it and the defendant as to the amount owed by the defendant, the plaintiff having accepted said check cannot recover regardless of the fact that it struck out the words endorsed thereon and sent the letter, exhibit No. 6.

"3. If the jury find that there was an unliquidated or disputed claim and that the check, exhibit No. 5, was sent to the plaintiff with notice that it was intended to be in full settlement of the claim for lumber furnished for the Elliott houses, the check was taken by the plaintiff in discharge and satisfaction of said claim and the plaintiff cannot recover in this action."

There was a verdict for the plaintiff in the sum of $2,103.24. The defendant alleged exceptions.

*J. J. Cummings,* (*W. J. Geegan* with him,) for the defendant.

*J. I. Rooney,* for the plaintiff.

WAIT, J.   This is an action of contract for the price of lumber furnished by the plaintiff and used in buildings in which the defendant had an interest.   No question of price or delivery was made.   The questions for the jury were whether the defendant agreed to pay for all or a part of the lumber, and whether the giving of a check of $712 by the defendant and its use by the plaintiff constituted an accord and satisfaction.   After a verdict for the full amount claimed by the plaintiff, the case is before us upon exceptions saved by the defendant to the refusal by the trial judge to give certain instructions requested and to portions of the charge.

The defendant has not argued the refusals to instruct apart from the instructions given.   All questions of law involved will be dealt with in the discussion of the exceptions to the charge.

It was undisputed that the defendant sent to the plaintiff a check payable to its order on which he had written "to balance account, per agreement, covering Elliott houses"; and that the plaintiff, after striking out these words, cashed the check on November 7, 1929, and on November 15, wrote the defendant that it had struck out the words, cashed the check and applied the proceeds to his account. There was evidence that the defendant and one Glynn, at that time in the plaintiff's employ and sent to the defendant to collect or settle the account, had a conversation in which the accounts or some of them were gone over and in the course of which Glynn wrote on the back of an invoice $727 as a balance. What it balanced, if anything, was controverted. The defendant argued that he had agreed to pay only for so much lumber as was necessary to board and roof in two of the buildings. Glynn contended the defendant had agreed to pay for all the lumber furnished. The defendant testified Glynn put the amount he owed at $712. Any agreement reached, however, if there was agreement, was at $727. At the time of the conversation the defendant testified he had already paid $1,500 or $1,600 on the account, although according to his contention the lumber for which he had agreed to pay would be about $1,100 on each house, or $2,200 in all. This testimony was contradicted, in part at least, by Glynn.

The judge charged the jury as follows: "I don't feel it necessary in view of the position as to the law that I take to go into the technicalities of what accord and satisfaction means. I simply say as a matter of law, the defendant has not sustained the burden of proof of accord and satisfaction and that defence is eliminated from the case and I mention it merely that the defendant's rights may be adequately protected at the conclusion of the charge, but as far as this case is concerned, you will dismiss from your consideration any part of the answer which alleges accord and satisfaction, because none has been made out as a matter of law." The defendant contends that this was error in that the jury could find that the original under-

taking was for part only of the lumber, not in excess of $2,200 and that less than $712 was due when the check was delivered. He admits that, if the law as stated in *Whittaker Chain Tread Co. v. Standard Auto Supply Co.* 216 Mass. 204, 208, is taken as controlling, the plaintiff could strike out the words written on the check and would not be precluded by an accord and satisfaction on cashing it, if the $712 was less than the admitted liability or the agreed sum. He argues that whether or not it was less was for the jury. The case just cited decides that when a check is sent to be accepted on condition, as by the writing here, one who accepts and uses it is bound by the condition "where a check is sent in full discharge of a claim no part of which is admitted to be due"; but it is not so "where a debtor undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute." Such a condition is void and the creditor "can take the payment admittedly due free of the void condition which the debtor has sought to impose."

There was no evidence that the defendant claimed that no part of the debt asserted was due; and there is none to show that less than $712 was asserted as the real liability. Moreover, there is here the fatal objection that the amount agreed upon according to the defendant's testimony was $727, while the amount paid was but $712. If there was an accord, it was not satisfied.

The requests 1, 2 and 3 failed to embody the law as just stated and were denied properly. The judge left to the jury the questions of fact involved in the case under adequate instructions. He was right in the charge given. It left the jurors free to find that the contract was what the defendant claimed it to be, and that $712 or less was actually due to the plaintiff; but it precluded them rightly from basing a verdict upon an accord and satisfaction through cashing the check after striking out the condition written upon it. See *Moss v. Goldstein*, 254 Mass. 334.

*Exceptions overruled.*

MEMORANDUM.

On the seventeenth day of March, 1932, the Honorable
CHARLES HENRY DONAHUE, one of the Justices of the
Superior Court, was appointed a Justice of this Court. He
first sat with this Court at the sitting in Boston for the
Commonwealth on the fourth day of April, 1932.