Wilson, J.
This is an action of contract in which the plaintiff seeks to recover upon an account annexed, for work performed and materials furnished. The defendant’s answer is a general denial, payment, and that there was an accord and satisfaction.
The dispute, now remaining, arises in respect to the effect of the payment of a check for $50.00, dated October 7, 1936, upon the face of which appeared, “This cheek is (in settlement of the following invoices) in full payment of account to date. ’ ’ The trial judge found that the check was accepted, as written, by the plaintiff and endorsed by it and so collected; and it is either to be credited on account of the sum of $117.87, which was the amount claimed by the plaintiff to be due at the time the check was delivered, or it is in “Accord and satisfaction” of the plaintiff’s claim and the finding should be for the defendant.
*369 In Shumaker v. Lucerne-in-Maine Community Association, 275 Mass. 201, 250, the court said:
“The acceptance of a check for an undisputed part of a disputed claim does not operate as a release of the balance of the claim, even though the check purports to be in settlement of the whole amount due.”
See also Whittaker Chain Tread Co. v. Standard Auto Supply Co., 216 Mass. 204; Moss v. Goldstein, 254 Mass. 334, 336, 337; McDonald v. Kavanaugh, 259 Mass. 439, 444, 445; Puritan Wool Co. v. Winsted Hosiery Co., 263 Mass. 467, 471; Russell v. Bond & Goodwin Co., 276 Mass. 458, 462; Dedham Lumber Co. v. Hartung, 278 Mass. 488, 491; Rosenblatt v. Holstein Rubber Co., 281 Mass. 297, 300.
The rule was stated in more detail in Dedham Lumber Co. v. Hartung, supra, where the court, said at page 491:
“. : . when a check is sent to be accepted on condition, as by the writing here, one who accepts and uses it is bound by the condition ‘where a check is sent in full discharge of a claim no part of which is admitted to be due’; but it is not so ‘where a debtor undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute.’ Such a condition is void and the creditor ‘can take the payment admittedly due free of the void condition which the debtor has sought to impose. ’ ’ ’
And m. Rosenblatt v. Holstein Rubber Co., supra, at page 300, the court said:
“Acceptance of cash or of a check, at least if later collected, offered in full payment of a disputed or unliquidated claim extinguishes the claim. The creditor cannot accept the cash or check and repudiate the conditions upon which it was offered if those conditions were such as the debtor had the right to impose, and if the creditor understood, or as a reasonable man ought to have understood, that those conditions were imposed. ’ ’
*370 See also Korelitz v. Gillespie, 1938 — 3 App. Div. Rep. 82.
“The burden of proving accord and satisfaction, or satisfaction without a previous accord, was on the defendant.”
Worcester Color Co. v. Henry Wood’s Sons Co., 209 Mass. 105, 110. And see Rosenblatt v. Holstein Rubber Co., 281 Mass. 297, 300.
Whether the burden of proof has been sustained is ordinarily an issue of fact for the trial court. Poulos v. Labbee, 291 Mass. 107, 108.
The issues in the instant case were whether there was a bona fide dispute as to the amount due the plaintiff, whether the amount in fact paid by the check was a sum greater than the defendant believed was in fact due, and whether the check Avas tendered by the defendant and received by the plaintiff in full settlement of the dispute. All these were issues of fact and all were decided by the trial court adversely to the plaintiff.
Such findings upon contradictory oral evidence are not reAdewable by this Division. Dolham v. Peterson, Mass. Adv. Sh. (1937) 1019, 1021, and cases cited.
The report contains ample eAddence to support the findings of the trial court on those issues.
The trial court correctly instructed himself by giving the plaintiff’s requests numbered 1 to 5. It was not error to deny request numbered 6. It falls within the rule stated in Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, 2301. See also Strong v. Haverhill Electric Co., Mass. Adv. Sh. (1938) 345, 346, and cases there cited.
No prejudicial error appears upon the record before us and the report is dismissed*