Jones, P. J.
This is an action of contract to recover upon an account annexed a balance of three hundred twenty-seven and 31/100 ($327.31) dollars, the price of goods sold and delivered to the defendant by the plaintiff; the defendant’s answer is a general denial and plea of payment and accord and satisfaction.
There was testimony of the sale and delivery of the goods in question but the defendant claimed to be entitled to a credit of three hundred twenty-seven and 31/100 ($327.31) dollars. This claim of credit arose out of prior dealings between the parties. These prior dealings consisted of a sale from the plaintiff to defendant of certain personal *412 property known as a “Batching” machine which the defendant bought of the plaintiff, paying for the same in advance.
In the case at bar, defendant claimed and introduced evidence tending to show that it had a claim for a defect in this machine, whereby the defendant had spent the amount of credit, claimed in this action, to repair certain defects in the “Batching” machine aforesaid. There were certain claims made by the defendant in reference to these defects, but the case resolves itself into the bare question of whether or not the claim of defendant must be allowed on this record.
It is undisputed that the defendant owes the plaintiff for the items declared on but pleas in set off the cost of repairing the said defects in the machine previously bought of the plaintiff and paid for by defendant.
In paying for the goods in question in this action defendant sent to plaintiff its check for fifty-three hundred fifty-five and 51/100 ($5355.51) dollars, which bore upon its face the words: “Endorsement of this check acknowledges receipt in full of above account. If incorrect return immediately.”
Upon receiving this check a representative of plaintiff called the defendant by telephone to ascertain why the sum of three hundred twenty-seven and 31/100 ($327.31) dollars had been deducted from plaintiff’s bill. It also appeared that at a prior conversation between the representatives of the two parties the plaintiff had agreed that defendant could deduct thirty-one ($31) dollars for the alleged defect in the said machine, provided defendant paid plaintiff at once the balance of the bill in suit.
The trial court could therefore find that any agreement of plaintiff to make a discount in its bill was that of thirty-one ($31) dollars if defendant paid the balance of the bill now in suit immediately.
*413 We have, therefore, a case where it is plain that the defendant is claiming an allowance on goods previously purchased and where the plaintiff’s agreement can be found to be to accept allowance only in the sum of thirty-one ($31) dollars; and this, upon payment also of the balance of the account in suit due.
The case therefore stands with the plaintiff’s claim maintained in full by the trial court without any allowance or credit on account of the goods in suit, as well as none for the “Batching” machine.
A simple question of fact was here involved and we are bound by the court’s finding. “The only errors, if any, alleged, or that can be relied upon by the defendant are the rulings requested by the defendant and refused. ’ ’
The endorsement of the check is substantially like that in Whittaker Chain Tread Co. vs. Standard Auto Supply Co., 216 Mass. 204, where the endorsement on a check given the plaintiff in payment was “In full settlement of invoices enumerated.” The defendant only paid the plaintiff the amount he admitted due.
Reference is made to that case for a full statement of the principle here Involved as held in this Commonwealth and followed.
In the case of MacDonald vs. Kavanaugh, 259 Mass. 439, at p. 445, the Whittaker case above was referred to, and it was held that where a check was given in settlement and for only the amount that was admittedly due, beyond any dispute, the court held that there was no consideration for a promise that it would be taken in full satisfaction for a larger claim. And these cases have been followed: Shumaker vs. Lucerne-in-Maine Community Ass’n, 275 Mass. 201-205. Dedham Lumber Co. vs. Hartung, 278 Mass. 488-491. Rosenblatt vs. Holstein Rubber Co., 281 Mass. 297, 300-301-302. Moss vs. Goldstein, 254 Mass. 334-336.
*414 There was no error in the denial of defendant’s requests:
“2. If, the defendant had an unliquidated counterclaim or cross-claim against the plaintiff, which the plaintiff did not concede, the plaintiff’s claim against the defendant, although not disputed, except in respect to the defendant’s claim, is nevertheless unliquidated....
“4. If the defendant had an unliquidated or disputed claim against the plaintiff, it rendered the plaintiff’s claim unliquidated, although the plaintiff’s claim was not disputed, except for the defendant’s cross-claim or counterclaim, and the defendant’s claim did not arise out of the same transaction as the plaintiff’s claim. . . .
“6. In order that to render the plaintiff’s claim unliquidated by the defendant’s assertion against the plaintiff of an unliquidated or disputed counterclaim, it is only necessary that the defendant honestly or reasonably believed its claim .to be valid.”
because the plaintiff’s claim was a liquidated claim, as we understand it. Nothing in the record appears to the contrary.
We think, also, that defendant’s requests:
“10. If the defendant tendered the plaintiff a check upon the condition that it be accepted in full settlement of the plaintiff’s claim and asserted a right to charge off a claim of its own against the plaintiff, and the plaintiff knew or reasonably should have known that the check was offered on those conditions, the certification or collection of the check by the plaintiff constituted an accord and satisfaction of its claim and the plaintiff cannot recover. . . .
“13. There is sufficient evidence to warrant a finding for the defendant.
‘ ‘ 14. There is sufficient evidence to make out the defence of accord and satisfaction.
“15. Upon all the evidence the defence of accord and satisfaction has been made out as matter of law because the plaintiff’s claim was unliquidated, and the defendant tendered to the plaintiff, and the plaintiff accepted, a payment by check in full satisfaction of the plaintiff’s claim.” -
were properly denied.
*415 It is not enough for a defendant situated as was this one to tender to his creditor just the amount that is unqualifiedly due; he must, under such circumstances, go further and show that he paid more to the plaintiff than he, the defendant, admitted to be due. Whittaker Chain Tread Co. vs. Standard Auto Supply Co., 216 Mass. 204.
We have made no mention of the many cases from other jurisdictions cited by the defendant, as the law of this jurisdiction is well settled.
Report is dismissed.