Adlow, J.
Action of contract for goods sold and delivered. The declaration on an account annexed alleges a balance due to the plaintiff of $1857.38. The defendant’s answer is a general denial, payment, and accord and satisfaction.
At the trial the defendant conceded that it owed the plaintiff $569.32 and offered judgment in this amount. These conceded items embraced shipments of June 15, $330.63 ; September 7, $5.27; September 11, $1.76; and September 11, $231.36. The evidence disclosed that on September 1, 1939 the defendant’s indebtedness to the plaintiff according to the plaintiff’s books of account was $8,627.10. On September 15 the defendant sent to the plaintiff a check for $7,006.41 which check was accompanied by a letter purporting to set forth that “This check pays our account in full up to your first fall shipment of September 7th”; that the $330.63 due for shipment of June 15 was being withheld *248 pending receipt of information from railroad; that other deductions represented credits and adjustments as follows:
May 13 Telephone ..................$ 21.80
May 31 Express on replaced samples .. 2.28
Telephone .................. 2.70
May 31 Excess on express shipments .. 121.05
June 13 Telephone .................. 10.40
July 31 Adjustment Invoice No. 2182 .. 72.00
“ “ No. 2186.. 35.60
Express on returns.......... 18.64
Aug. 8 Excess on freight....... . 11.39
Sept. 13 Telegraph charge............ 1.12
Sept. 15 Credit damaged shoes........ 104.40
Adjustment of 2% cents per
pair on 45,668 pairs shoes----1141.70;
and that “the payment is tendered to and will be accepted in full settlement of your charges against us for shipments made prior to September 7th, 1939”. The plaintiff retained the check and collected the proceeds, notifying the defendant at the same time that it was applying the proceeds against the defendant’s account and further stating: — “We cannot understand why you took the various deductions for freight, telephone calls, and telegrams as well as the allowances. We feel that these deductions are entirely injustifiable and we must insist that we receive your check in the amount of $1620.69 bringing your account up to date as of September 1.”
The plaintiff’s bookkeeper testified at the trial and gave evidence with respect to the shipments, charges, and credits as set forth in the declaration. He admitted that the defendant was entitled to a credit of $2.28 with respect to express charges for replaced samples on May 31, 1939 and a credit for $11.39 for excess freight charges incurred on August 8. The latter had been credited the defendant in *249 the declaration. Another witness for the plaintiff testified that there had been no dispute of any kind prior to the receipt of the check of September 15. A witness for the defendant, Mr. Louis Bresler, testified that there had been a dispute and that the defendant was entitled to all the credits taken.
At the close of the evidence the defendant requested the court to rule that “if the defendant offered a check which was later collected in full payment of certain disputed or unliquidated claims and the plaintiff accepted the check, and the conditions upon which it was offered were such as the defendant had the right to impose and the creditor knew of this or reasonably ought to have understood that those conditions were imposed, the claims for which the check was offered in payment are extinguished”. The court refused to rule as requested and stated “I find on the facts that the plaintiff did not accept or approve the conditions imposed and by letter informed defendant of his disapproval”. The court erred in refusing to rule as requested. While an agreement to accept a part of a debt for the whole is not binding in this Commonwealth unless made by an instrument under seal (Moss v. Goldstein, 254 Mass. 334), the rule is otherwise where the obligation is unliquidated, even though retention of the payment is accompanied by protestations of the creditor that it is not received on the conditions under which it is offered. (Worcester Color Co. v. Henry Wood’s Sons Co., 209 Mass. 105.) In such situations the law will imply from the conduct of the creditor an election to be bound by the conditions on which the check is tendered. This doctrine of election is limited, however, to situations where a check is sent in full discharge of a claim no part of which is admitted to be due. (Whittaker Cham Tread Co. v. Standard Auto Supply Co., 216 Mass. 204.) Where a part of the claim is admitted to be due, the court will treat this part as liquidated or undisputed, and an agreement to *250 accept the admitted debt in full payment of both the admitted and disputed portions of the debt will not operate as a discharge of the claim (Shumaker v. Lucerne-in-Maine Community Association, 275 Mass. 201). It follows that a debtor who undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute will remain liable for the unpaid portion of the claim. (Whittaker Chain Tread Co. v. Standard Auto Supply Co., 216 Mass. 204; Moss v. Goldstein, 254 Mass. 334; Bascombe v. Inferrera, 271 Mass. 296; Dedham Lumber Co. v. Hartung, 278 Mass. 488, 490.)
The defendant has argued that, since the court ruled as a matter of law that the plaintiff’s claim was unliquidated, a correct" ruling by the court with respect to the proposition discussed above would have required a finding for the defendant with respect to its defense of accord and satisfaction. But we cannot agree. The report reveals that the debtor after making every adjustment and deducting every credit for which he made claim sent a check for the balance to the plaintiff. These facts present a situation where the debtor undertakes to make payment of what it admits to be due conditioned on its being accepted in discharge of what is in dispute. Even if the entire claim was unliquidated, the question was still open as to whether or not a part of the claim was liquidated or undisputed, and the court was not precluded, even by its own ruling, from finding that the debtor had not paid any more than it admitted to be due. It may be that the court refused to find that an accord and satisfaction was effected on these grounds. The erroneous ruling,, however, with respect to the principal proposition raises some doubt as to the principles upon which the court proceeded in reaching its result and this court feels that interests of justice require that the entire issue be tried anew.
Finding for plaintiff vacated. New trial ordered.