*Western District*

**JOHN F. ROBATI**
v.
**GEORGE A. SABA**

*Present*: Garvey, J. (Presiding) & Hobson, J.

Case tried to *O'Malley, J.* in the District Court of Springfield. No. 149593.

Argued: —————— Decided: ——————

*Hobson, J.* This is an action of contract in which the plaintiff seeks to recover the sum of $244.37 for labor and materials, together with interest, for bulldozing work done on

Springfield Street, Springfield, Massachusetts. The declaration is upon an account annexed which sets forth the dates, hours and charges for the work done, together with credits for payments by the defendant and showing a balance due of $244.37. The answer is a general denial, payment and accord and satisfaction.

At the trial there was conflicting evidence as to the amount and nature of the work to be done and the price to be paid therefor. The plaintiff testified that the amount due for charges for equipment, materials and labor was $737.25; that in August 23, 1957 he had received a check for $200.00 and on January 13, 1958 a check for $300.00, which left a balance due of $237.25, with interest thereon of $7.12. The defendant testified that there was no dispute as to the amount of $500.00 being due, but denied owing anything beyond that amount.

There was further evidence that the check for $300.00 forwarded to the plaintiff on January 13, 1958 had a notation on the back thereof reading "Paid in full"; that the plaintiff cashed this check after crossing out the words "Paid in full" and inserting in place thereof the words "Balance due $237.25".

The defendant filed thirteen requests for rulings. The trial judge granted No. 4 that the acceptance of a check tendered in full satisfaction of a disputed claim is an accord and satisfaction, but denied the other twelve requests.

The first, second and third requests were to the effect that on all the evidence and the law the plaintiff cannot prevail.

The other requests were to the effect that the acceptance of the check amounted to an accord and satisfaction and barred the plaintiff's right to collect any balance claimed and the acceptance of the check for $300.00. offered upon the condition noted thereon, was an implied acceptance of the condition and that plaintiff's action in crossing out the words "Paid in full" and writing in place thereof "Balance due $237.25" was of no effect and did not change the effect of his acceptance.

The trial judge made the following Speccial Finding of Fact:

"On all the evidence and the inferences drawn therefrom I find that the defendant did not dispute the fact that he owed the plaintiff $500.00 and paid the plaintiff that amount in 2 checks, the second check bearing the words 'Payment in full' which the plaintiff scratched off and wrote in 'Balance $273.25' and cashed the check. The only amount in dispute was that in excess of $500.00. I rule that on the facts in this case it is governed by *Whittaker Chain Tread Co. v. Standard Auto Supply*, 216 Mass. 204. I find the defendant has not sustained his burden of proving an accord and satisfaction."

The real issue in the instant case is: Did the acceptance of the check for $300.00, with the notation on the back thereof amount to and constitute an accord and satisfaction. We are of the opinion that the acceptance of

this check by the plaintiff, and his action in dealing with the same, did not constitute an accord and satisfaction and that the ruling of the trial judge to this effect was correct.

There was no dispute about the sum of $500.00 being due the plaintiff. The only amount in dispute was the sum of $237.25 being claimed due by the plaintiff.

In the case of *Schumaker v. Lucerne-in-Maine Community Association,* 275 Mass. 201, at 205, the court says:

"The acceptance of a check for an undisputed part of a disputed claim does not operate as a release of the balance of the claim, even though the check purports to be in settlement of the whole amount due."

Further, in the case of *Russell v. Bond & Goodwin, Inc.,* 276 Mass. 458 at 462, it is said:

"As the amount covered by the payment was admittedly due from Glass to the defendant he could not make acceptance of this payment by the defendant conditional upon the defendant's applying the check or its proceeds as full payment for fifteen shares and registering those shares in the name of the plaintiff. Since the condition was one which Glass had no right to impose, and for that reason was void, the defendant was not put to an election to refuse the check or to take it on the condition on which it was offered, but could take it free of the void condition which Glass sought to impose."

Both of the above cited cases are based on the law as set forth in *Whittaker Chain Tread*

*Co. v. Standard Auto Supply Co.,* 216 Mass. 204 at 208, a well reasoned case.

In the case of the *Dedham Lumber Co. v. Hartung,* 278 Mass. 488, at 491 there is a statement which we think is particularly applicable to the instant case, reading as follows:

> "The case just cited (the Whittaker case) decided that when a check is sent to be accepted on condition, as by the writing here, one who accepts and uses it is bound by the condition 'where a check is sent in full discharge of a claim no part of which is admitted to be due'; but it is not so 'where a debtor undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute.' Such a condition is void and the creditor 'can take the payment admittedly due free of the void condition which the debtor has sought to impose'."

Clearly, on the facts warrantably founded by the trial judge and the law as stated in the cases cited above, there was no error on the part of the trial judge in finding for the plaintiff as he did.

We find no error on the part of the trial judge in his disposition of all the requests for rulings filed by the defendant. It is plain from the special finding by the trial judge in denying all of the requests, except No. 4 as stated above, that he found upon the evidence there was no accord and satisfaction, upon which the requests were based. The denial of the requests, therefore, became immaterial. *Horton et al. v. Tilton,* 325 Mass. 79.

We find no prejudicial error and therefore the report should be dismissed.

Gilbert W. Baron, of Springfield, for the Plaintiff.

Lawrence Friedman, of Springfield, for the Defendant.

*Western District*