*Municipal Court of the
City of Boston*
No. 188,552

## ALFRED SABLONE

v.

## JOSEPH MIRAGLIA & TR.

Argued: Jan. 5, 1968 Decided: Jan. 10, 1968

*Present:* Adlow, C. J., Shamon, J., Glynn, J.J.

Tried to *Mottola, Sp. J.* in the Municipal Court of the City of Boston.　No. 188,552

*Adlow, C. J.* Action of contract to recover money paid to the defendant in settlement of a disputed claim. The breach charged against the defendant consists of his bringing suit against the plaintiff to collect a balance due on an already settled claim. The court sustained the demurrer filed by the defendant.

There was no error. If an arrangement was made by the parties to settle a *disputed* claim for $750, and the check tendered in settlement had a notation on the back that it was "in full payment and settlement", the arrangement and its fulfillment suffice to discharge whatever obligation was outstanding between the parties. *Tuttle* v. *Tuttle,* 12 Met. 551. *Donahue* v. *Woodbury,* 6 Cush. 148. *Alvord* v. *Marsh,* 12 Allen 603. *Tompkins* v. *Hill,* 145 Mass. 379. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.,* 216 Mass. 204.

Such a release serves only to extinguish an existing claim. The effect of the arrangement has been indelicately described as a "destruction" of the claim. One who has made such a payment has a good and sufficient defense to a claim of such settlement. However, the arrangement provides no contractual basis for a claim against the creditor who, after accepting

the tendered check, subsequently demands more.

A release is not a contract. *Stiebel* v. *Grosberg,* 202 NY 266. It is at most a defense which if sustained is fatal to the creditor's claim.

If the allegations in the declaration in issue are true the plaintiff has a good and sufficient defense to the action in which he is a defendant. If he prevails in that action, he has suffered no harm; if he does not prevail, the court's findings will preclude his right to claim a valid and binding settlement of a disputed claim. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.,* 216 Mass. 204.

There may be circumstances under which one who has paid money in order to compound a claim against him may recover same. Money paid by mistake may be recovered back. *Haven* v. *Foster,* 9 Pick. 111. *Reggio* v. *Warren,* 207 Mass. 525. Similarly with respect to money paid under duress, fraud, or misrepresentation. *Willett* v. *Herrick,* 258 Mass. 585, 595. But there are no allegations in the declaration under review to provide such basis for an action. There was no error. Report dismissed.

ANDREW L. BENSON,
of Winthrop, for the Plaintiff.
ABRAHAM MARGOLIS,
of Boston, for the Defendant.