*Western District*

## LONGO ELECTRICAL COMPANY, INC.
### v.
## ALARIC J. DUMAIS

Argued: Dec. 17, 1969 - Decided: Jan. 15, 1970.

*Present:* Garvey, P.J., Allen, Dudley, J.J.

Case tried to *Sloan, J.,* in the District Court of Springfield No. 186337.

*Garvey, P.J.* In this contract action there was a finding for the plaintiff and damages assessed in the amount of $402.00. The defendant claimed a report.

From the reported evidence it appears that the plaintiff was engaged by the defendant to do electrical work in his cottage on a stock and time basis. Upon completion plaintiff submitted a bill dated October 28, 1965 to the defendant in the amount of $1248.70. The defendant complained that the bill was "too much". The plaintiff received from the defendant a check dated December 2, 1965 in the amount of $846.-70 on which was marked "payment in full" together with a bill from the defendant in the amount of $402.00. Plaintiff cashed the check.

The judge made the following special findings of fact: "I find that the claim of the plaintiff was not an unliquidated or disputed claim. I find that the bill of $402.00 for work done by

the defendant was not the liability of the plaintiff".[1]

The defendant, who pleaded payment and accord and satisfaction, claims to be aggrieved by the denial of three of his requests for rulings of law directed to the issue of whether the acceptance by the plaintiff on which was written "payment in full" was full payment or an accord and satisfaction. In our opinion there was no error.

In *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.*, 216 Mass. 204 an early and leading case on this issue said at page 208:

> "But while the doctrine of election is sound where a check is sent in full discharge of a claim no part of which is admitted to be due, it does not obtain where a debtor undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute".

And at 209 added that

> "(W)here the debtor undertook without right to impose upon a payment of what admittedly was due a void condition that it be received in full discharge of what was in dispute".

> "The acceptance of a check for un undisputed part of a disputed claim does not operate as a release of the balance of the

---

[1] It seems that the defendant did some work for an officer of the plaintiff corporation.

claim, even though the check purports to be in settlement of the whole amount due.''
*Shumaker* v. *Lucerne-in-Maine Community Association*, 275 Mass. 201, 205. See also *Dedham Lumber Co.* v. *Hartung*, 278 Mass. 488, 491. *Russell* v. *Bond & Goodwin, Inc.*, 276 Mass. 458, 462. *Robati* v. *Saba*, 25 Mass. App. Dec. 15.

The defendant in sending a check for $846.70 with a bill for $402.00, found by the judge not to be owed, making a total of $1248.70, the exact amount of the plaintiff's bill shows there was no dispute.

*The report is to be dismissed.*

LOUIS KERLINSKY
of Springfield for the defendant.
JOHN H. McCARTHY
of Springfield for the plaintiff.