# RESCRIPT OPINIONS.

GERARD CUDDY[1] vs. A&E MECHANICAL, INC., & others.[2] No. 99-P-1189. October 31, 2001. *Contract*, Construction contract, Subcontract. *Accord and Satisfaction*.

This appeal presents the question whether the defendant contractor's notation, "Final payment for all work completed to date," on the face of a check sent to a subcontractor, operated to discharge the balance of the subcontractor's bill.

A Superior Court judge, hearing the case jury-waived, ruled that the defendant, A&E Mechanical, Inc. (A&E Mechanical), failed to meet its burden of proving accord and satisfaction. The defense of accord and satisfaction is premised on the principle that "[i]f a creditor, having an unliquidated or disputed claim against his debtor, accepts a sum smaller than the amount claimed in satisfaction of the claim, he cannot afterwards maintain an action for the unpaid balance of his original claim." *Chamberlain* v. *Barrows*, 282 Mass. 295, 299 (1933) (citations omitted). A debtor does not obtain a discharge of a debt, however, "where [the] debtor undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute." *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.*, 216 Mass. 204, 208 (1913).

At issue is the fair compensation due the plaintiff subcontractor for his work on the project. The judge determined that A&E Mechanical had neither disputed Gerard Cuddy's bill of approximately $63,000 nor demonstrated that Cuddy's work was worth less than that amount. In so doing, the judge characterized A&E Mechanical's response to Cuddy's bill as one of surprise, rather than dispute, an inference the judge appears to have drawn from the stipulated fact that Thomas Hooper, an A&E Mechanical partner, "mentioned that the pipe covering job had run over what he had figured."

Significant testimony on this point was elicited at trial from the plaintiff himself, however. On cross-examination, Cuddy testified that Hooper expressed to Cuddy his view that the amount A&E Mechanical had already paid Cuddy (some $31,000) was more than he was owed for the work. Cuddy further conceded that he and Hooper disagreed as to whether Cuddy's work had exceeded the work set out in the prior subcontractor's $27,500 estimate. Cuddy also testified that he understood that the final check (for some $6,500

---

[1]Doing business as Cuddy & Sons Pipe Covering. By agreement of the parties, this case, Civil Action No. 96-1138, was consolidated in Superior Court with Middlesex Superior Court Civil Action No. 97-5261, T.J. Industrial Services, Inc. *vs.* Gerard Cuddy. For convenience, we refer to Gerard Cuddy alone as the plaintiff.

[2]T.J. Industrial Services, Inc., and Joseph M. Savani.

over and above the $31,000 he had already been paid) was being offered to settle the dispute. There being no evidence more favorable to the plaintiff, he is thus bound by his testimony. See *Ravosa* v. *Zais*, 40 Mass. App. Ct. 47, 51 (1996).

Cuddy's critical admissions regarding the nature of the parties' dispute over the bill distinguish this case from those relied upon by the judge, which involved the payment of an amount admittedly due in an attempt to discharge the disputed balance. See, e.g., *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.*, 216 Mass. at 208; *Longo Elec. Co.* v. *Dumais*, 1 Mass. App. Ct. 830 (1973). Here, although the parties did not dispute that Cuddy had performed the work billed for, they did dispute the actual value of the work. Compare *Puritan Wool Co.* v. *Winsted Hosiery Co.*, 263 Mass. 467, 471 (1928); *Longo Elec. Co.* v. *Dumais, supra*. As such, the record and the case law do not support the judge's conclusion that A&E Mechanical's settlement check represented an amount that A&E Mechanical admitted was due to Cuddy for his work. See Restatement (Second) of Contracts § 281 comment d, ill. 6, at 384 (1981). We thus conclude that the judge's finding that there was no accord and satisfaction is clearly erroneous. See generally *Johnson* v. *Modern Continental Constr. Co.*, 49 Mass. App. Ct. 545, 547 (2000) ("[w]e will not set aside a judge's ultimate conclusion unless it is clearly erroneous or inconsistent with the relevant legal standard").

Based on the foregoing, we conclude that A&E Mechanical proved its defense of accord and satisfaction as matter of law. Accordingly, the judgment for the plaintiff is reversed.[3] A new judgment shall enter for the defendants A&E Mechanical, Inc., T.J. Industrial Services, Inc., and Joseph M. Savani.

*So ordered.*

*Scott A. Lathrop* for the defendants.
*Rosario M. Rizzo* for the plaintiff.

---

[3]T.J. Industrial Services, Inc., filed a notice of appeal from the judgment in Cuddy's favor in the consolidated action, no. 97-5261, but has not addressed that appeal in the brief filed on its behalf. Pursuant to Mass.R.A.P. 16 (a)(4), as amended, 367 Mass. 921 (1975), we therefore deem the appeal waived.