MIGUEL MONTANEZ & another[1] *vs.* LINDEN BAGG. July 17, 1987. *Landlord and Tenant*, Habitability. *Housing. Practice, Civil*, Consumer protection case. *Consumer Protection Act*, Wilful or knowing violation, Damages. *Damages*, Consumer protection case, Breach of implied warranty of habitability.

The plaintiffs brought an action in the Housing Court for Hampden County against the defendant, their landlord, seeking to recover damages and attorney's fees for: (1) interference with quiet enjoyment and other violations of G. L. c. 186, § 14; (2) breach of the implied warranty of habitability; and (3) violations of G. L. c. 93A, § 2(*a*). The first two claims were heard and decided by a jury. The jury found for the plaintiffs on each of the claims and awarded actual damages of $982.50. A judge of the Housing Court decided the G. L. c. 93A claim. See *Nei* v. *Burley*, 388 Mass. 307, 311-315 (1983). The judge, in a written memorandum, "adopt[ed] the findings of the jury. . . as to actual damages and [found] that conditions existed at the time of the inception of the tenancy which were in violation of the State Sanitary Code and of which the defendant was chargeable with notice . . . ." The judge further found that the defendant's conduct in renting a substandard apartment violated G. L. c. 93A, § 2(*a*). He concluded, however, that the defendant's conduct "was not a willful or knowing violation" of G. L. c. 93A but was "due to a misunderstanding as to the requirement[s] of the State Sanitary Code . . . ." Accordingly, the judge refused to multiply damages under the provision of G. L. c. 93A, § 9(3), inserted by St. 1986, c. 690, which authorizes recovery of "up to three but not less than two times [actual damages] if the court finds that [the unfair or deceptive act or practice] was a willful or knowing violation of . . . section two . . . ." The plaintiffs have appealed from the portion of the judgment which awards only single damages for the G. L. c. 93A violation.[2]

---

[1] Daisy Montanez.

[2] The judge awarded the plaintiffs' counsel attorney's fees as required by G. L. c. 93A, § 9(4). The plaintiffs have not questioned that award.

The evidence warranted the following findings by the jury. The plaintiffs rented the first floor apartment of a two-family house at 3-5 King Street in Springfield in 1977. In early 1981, representatives of the Springfield housing code enforcement department (Department) inspected the five-room second floor apartment of the building and found numerous violations of the State Sanitary Code which were deemed materially dangerous to the health or safety of occupants. The then owner of the property failed to make repairs and sold the property on February 19, 1981, to the defendant.

On March 5, 1981, the second floor apartment was condemned as unfit for human habitation, and the tenants were ordered to vacate. The tenants eventually vacated the unit in July or August, 1981. The defendant then rented the unit to the plaintiffs, who were looking for a larger apartment. None of the serious violations in the second floor apartment had been repaired when the plaintiffs took occupancy in September, 1981.[3] The defendant made no effort to secure Department approval for re-rental of the second floor apartment, a requirement before a condemned unit can be put back on the market.

After the plaintiffs took occupancy, they encountered considerable problems, among them, vermin infestation, leaking ceilings, porous walls, and lack of heat. In the winter, the heat problem required the plaintiffs to close off two bedrooms and sleep in the living room with their children. The plaintiffs complained about these conditions to the defendant. When he made no repairs, the plaintiffs complained to the Department, which issued notices calling for immediate correction of the conditions, especially the lack of heat. During that period, the defendant was served by the Department with four additional notices and orders. In October, 1984, the plaintiffs began withholding their rent, and on January 10, 1985, they commenced this action in the Housing Court. The heating problem was remedied shortly thereafter when the defendant was served with a notice to appear in the Housing Court to show cause why an injunction should not enter ordering him to provide facilities capable of heating each room in the apartment. All in all, more than a year elapsed after the Department served the defendant before he corrected the lack of heat and complied with the Department's orders to correct other serious violations.

The plaintiffs pleaded and presented evidence on two theories of liability under G. L. c. 93A: first, that the defendant had rented them a condemned unit, see 940 Code Mass. Regs. 3.17(1)(a)(1) and (2) (1978), and second, that he failed, after notice, to remedy violations of the State Sanitary Code, which endangered or materially impaired their health and safety. See 940 Code Mass. Regs. 3.17(1)(b)(1) and (2) (1978). The judge did not make detailed findings of fact on the c. 93A claims as required by Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). What he did find (essentially summarized above) dealt expressly only with the plaintiff's first theory. He correctly

---

[3] The evidence also indicated that the first floor apartment which the plaintiffs vacated was virtually in the same substandard condition as the second floor unit.

concluded that the defendant had violated c. 93A by renting the plaintiffs a condemned dwelling unit, a conclusion compelled by the requirements of 940 Code Mass. Regs. 3.17(1)(a)(1) and (2). Accepting the defendant's testimony that he inspected the dwelling units before purchasing the building, the judge reached the conclusion that the defendant was "chargeable with notice" of the existing violations when he rented the second floor apartment to the plaintiffs. The judge's decision not to multiply damages was based on his conclusion that the defendant had a "misunderstanding" of the requirements of the applicable law. That decision appears to have been based principally on (a) the judge's acceptance of the defendant's testimony that, when he rented the apartment, he had not been aware of the condemnation order;[4] and (b) the inference apparently drawn from the defendant's testimony that, although he may have been aware of the existing violations, he thought he could still rent the apartment and take a reasonable time to correct the conditions that rendered it uninhabitable.

This reasoning is wrong. By renting the apartment the defendant warranted its habitability. *Boston Housing Authy.* v. *Hemingway,* 363 Mass. 184 (1973). He was cognizant of conditions, particularly the lack of adequate heating facilities, that rendered it uninhabitable. These facts, as is explained by the decision in *Shaw* v. *Rodman Ford Truck Center, Inc.,* 19 Mass. App. Ct. 709, 711-712 (1985), compel the conclusion that the defendant, at the very least, had made a wilfully false representation in violation of G. L. c. 93A, § 9, because he had "made the representation without knowing whether it was true or false and with reckless disregard for whether it was true or false."[5] *Id.* at 712, quoting from *Computer Sys. Engr., Inc.* v. *Qantel Corp.,* 571 F. Supp. 1365, 1375 (D. Mass. 1983), aff'd, 740 F.2d 59, 68 (1st Cir. 1984). Neither the failure of the defendant to apprise himself fully of the law, nor his misapprehension of what he did know about his obligations, is sufficient in the circumstances to negate the conclusion that his conduct runs afoul of the penalty provisions of G. L. c. 93A, § 9.[6] Cf. *Berman* v. *Jefferson,* 379 Mass. 196 (1979). The "willful or knowing" requirement of § 9(3), goes not to actual knowledge of the terms of the statute, but rather to knowledge, or reckless disregard, of conditions in a rental unit which, whether the defendant knows it or not, amount to violations of the law. See *Heller* v. *Silverbranch Constr. Corp.,* 376 Mass. 621, 627 (1978). Cf. *Grossman* v. *Waltham Chemical Co.,* 14 Mass. App. Ct. 932, 934 (1982).

The portion of the judgment adjudicating the plaintiffs' G. L. c. 93A claim is vacated. That phase of the case is remanded to the Housing Court

---

[4] The order, and the notices preceding it, had been sent to the prior owner of the property.

[5] The *Shaw* v. *Rodman Ford Truck Center, Inc.* case had not been decided when the judge disposed of the c. 93A claim.

[6] Our conclusion renders it unnecessary to deal with the plaintiffs' second theory of c. 93A liability.

for multiplication of the plaintiffs' damages under G. L. c. 93A, § 9,[7] and for the entry of a new judgment on damages. The total recovery is to be limited in accordance with the principles set forth in *Wolfberg* v. *Hunter*, 385 Mass. 390, 400-401 (1982). See also *Ianello* v. *Court Management Corp.*, 400 Mass. 321, 324-325 (1987). The plaintiffs are also to recover a reasonable attorney's fee for the services of their counsel in connection with the appeal.

*So ordered.*

*Katherine Callaghan* for the plaintiffs.

---

[7] The judge who decided the case has retired but may be on recall to another Department of the Trial Court. If he is unavailable to deal with the case on remand, it should be decided by the present judge of the Hampden County Housing Court on the existing transcript of the testimony and the exhibits.

We express no opinion on the effect, if any, to be given to the defendant's misunderstanding claim on the question whether the actual damages should be doubled or tripled. That consideration is for the judge in the first instance, after reflection on the arguments of counsel. See generally, *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 853 (1983); *Brown* v. *LeClair*, 20 Mass. App. Ct. 976, 980 (1985) (multiplication of c. 93A damages is to be based on the "egregiousness" of the defendant's conduct).