*Anne M. Rideout* for Sandra L. Kirwood.
*James O'S. Morton* for Roger W. Kirwood.

SANDRA LEZBERG vs. MAUREEN ROGERS. No. 88-P-1029. June 12, 1989. *Administrative Law*, Preclusive effect of decision. *Landlord and Tenant*, State Sanitary Code. *Electricity*.

The plaintiff brought this action in the small claims session of a District Court to recover from the defendant, a former lessee of residential premises owned but not occupied by the plaintiff, payments made by the plaintiff to the town of Hull Municipal Light Plant (HMLP) for electricity supplied to the premises during the defendant's occupancy. After hearing, a judgment was entered for the plaintiff in the full amount of her claim. Following the defendant's appeal and after hearing, a District Court judge entered a new judgment in favor of the plaintiff for a portion of her claim.[1]

The essential facts are as follows. In June, 1986, the defendant and her family moved into the plaintiff's premises. Later, another woman and her family joined the defendant. The two women then signed a single lease for a term of August 1, 1986, through May 31, 1987.[2] The lease provided that the lessees would pay "all bills for electricity and other utilities . . . that are furnished to the demised premises and presently separately metered."[3] The defendant paid the electricity bills to HMLP for a time but discontinued payment after she learned that the plaintiff had been cited for a violation of a State Sanitary Code provision, 105 Code Mass. Regs. § 410.354(A) (1986), which requires separate metering for each dwelling unit when tenants are responsible for payment.[4]

In January of 1987, the town of Hull director of public health notified the plaintiff of several violations of the State Sanitary Code, among them being the failure separately to meter electricity pursuant to 105 Code Mass. Regs. § 410.354(A).[5] The plaintiff was directed to comply with the code

---

[1] The defendant's appeal was to the jury of six session, but the case was heard jury waived.

[2] In view of our disposition, we need not consider whether the premises consisted of one or two units.

[3] In fact, there was only one meter for the entire premises.

[4] Later, on the petition of the defendant, the Department of Public Utilities ordered HMLP to return to the defendant sums she paid for electricity, and it did so.

[5] That section provides that an owner must pay for electricity and gas supplied to each dwelling unless there are separate meters for each dwelling *and* the rental agreement provides for payment by the occupant. This provision "cannot be waived by any provision in the lease or rental agreement." *Boston Housing Authy.* v. *Hemingway*, 363 Mass. 184, 199 (1973).

within twenty-one days; she failed to do so. The notice also informed the plaintiff that if she was aggrieved by the directive she had a right to a hearing upon written request to the board of health within seven days of the receipt of the notice. See 105 Code Mass. Regs. § 400.500(A) (1986). The plaintiff made no such request, nor did she pursue any appeal from the board's order. See 105 Code Mass. Regs. § 400.600 (1986). After the defendant had moved out of the premises, the plaintiff paid HMLP $470.90 (the charge for service while the defendant occupied the premises) for restoration of electric service to the premises.

For purposes of this appeal, it is enough to say that the plaintiff is bound by the unchallenged and unappealed decision of the board of health that the State Sanitary Code required separate metering of the units occupied by the defendant's family and the other woman's. The plaintiff may not collaterally attack that decision in this proceeding. See *Gentile* v. *Rent Control Bd. of Somerville*, 365 Mass. 343, 350 (1974); *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226 (1981); *Boston* v. *Ditson*, 4 Mass. App. Ct. 323, 337 (1976). Thus, it having been conclusively determined that the lease provision contravened the State Sanitary Code, the plaintiff may not recover from the defendant any part of the charges for electricity used for the period of the defendant's occupancy. See *Boston Housing Authy.* v. *Hemingway*, 363 Mass. 184, 199 (1973). Cf. *Leardi* v. *Brown*, 394 Mass. 151, 156-157 (1985).

Accordingly, the judgment is reversed, and a new judgment is to be entered for the defendant.

*So ordered.*

*Charles Harak* (*Richard M. W. Bauer* with him) for the defendant.
*Sandra Lezberg*, pro se.
*Nancy Brockway*, for Massachusetts Department of Public Utilities, amicus curiae, submitted a brief.