DAVID PONCZ *vs.* JAMES LOFTIN.[1] No. 92-P-1140. February 19, 1993. *Landlord and Tenant*, Habitability, State Sanitary Code, Consumer protection. *Electricity. Consumer Protection Act*, Landlord and tenant.

The landlord brought a summary process action against the tenant in the Worcester Housing Court in June of 1992 for nonpayment of rent. The tenant filed an answer and a counterclaim under G. L. c. 93A. The tenant

---

[1]We have been aided in our deliberations by the amicus brief filed by the Massachusetts Tenants Organization.

alleged that the landlord had violated the State Sanitary Code in that, without any written agreement, he required the tenant to pay the electrical charges for his heat and hot water throughout his occupancy. The tenant sought, in addition to costs and attorney's fees, multiple damages in the amount of his out-of-pocket expenditures for heat and hot water. Before us is a report from the judge, see Mass.R.Civ.P. 64, 365 Mass. 831 (1974), posing the question: "For what damages, if any, is a landlord liable when the tenant orally agrees to pay the cost of utilities (heat, electric or gas service) at the inception of the tenancy?"

After a hearing, at which the tenant neither testified nor was present, the judge found the following facts. The tenant owed the landlord rent, at the rate of $450 per month, in a total amount of $2,500. The tenant arranged for his own electrical service for heat and hot water at least since 1988. The plaintiff, the current landlord, purchased the eight-unit building in 1989 and made no change in the terms of the tenancy with respect to the furnishing of heat and hot water. He thought he had seen a written rental agreement but was unable to produce a copy. The cost of providing heat and hot water to the apartment for the period of the tenant's occupancy after the current landlord acquired the property was $2,712.47.

The judge concluded that the arrangement was in violation of the State Sanitary Code (105 Code Mass. Regs. §§ 410.190, 410.201, 410.354 [1986]) and, therefore, an unfair practice in violation of G. L. c. 93A, § 9(3) (940 Code Mass. Regs. § 3.17[6][g] [1986]). However, he found that the tenant sustained no actual damages and was entitled under G. L. c. 93A, § 9(3), only to nominal damages in the amount of $25, plus a reasonable attorney's fee.

There is no dispute that requiring the tenant to pay for his own heat and hot water without a written agreement to that effect violated the State Sanitary Code, see *Young* v. *Patukonis*, 24 Mass. App. Ct. 907 (1987), and that, the landlord's being in the trade or business of providing rental housing, G. L. c. 93A is implicated. The only issue is whether the tenant should be awarded his out-of-pocket expenses for furnishing heat and hot water. He relies on the persuasive authority, commencing with *Boston Hous. Authy.* v. *Hemingway*, 363 Mass. 184, 199 (1973), to the effect that there is with respect to any premises rented for dwelling purposes an implied warranty of habitability, which neither landlord not tenant may waive, and that tenants should be afforded a remedy for breach of that warranty in the form of reduced rent or damages. Pursuant to G. L. c. 111, § 127A, the Department of Public Health has promulgated the State Sanitary Code to assure, among other things, that any premises rented for dwelling purposes are fit for human habitation. Substantial violations of the State Sanitary Code generally make a dwelling uninhabitable. The tenant points out, correctly, that the appropriate measure of damages in cases involving premises which are uninhabitable is the difference between the rental value of the premises as warranted (the agreed rent), less the

fair value of the premises in their defective condition, and, in addition, the reasonable out-of-pocket cost to the tenant of remedying the defect. See, e.g., *Wolfberg* v. *Hunter*, 385 Mass. 390, 399 (1982) (involving severe rodent infestation); *Montanez* v. *Bagg*, 24 Mass. App. Ct. 954, 957 (1987) (involving rental of apartment condemned, among other things, for inadequate heating facilities). See also G. L. c. 111, § 127L; G. L. c. 239, § 8A. Compare *McKenna* v. *Begin*, 3 Mass. App. Ct. 168, 169-171 (1975).

The general rule regarding damages for breach of warranty of habitability and State Sanitary Code violations, however, does not apply in the present case. Unlike the habitability violations in the cases cited, the violation involved here did not cause the premises to be either defective or uninhabitable. The State Sanitary Code expressly permits arrangements between landlords and tenants whereby tenants provide and pay for their own heat and hot water so long as there is an agreement in writing. The essence of the violation in this case was the failure to reduce the oral agreement to writing. There is no claim that the premises provided were defective. The rule of damages set forth above, therefore, is inappropriate. As it is reasonable to presume, in the absence of a showing to the contrary by the tenant, that the sum of the rent paid and the cost of providing heat and hot water represented what the rental value of the premises would have been *with* those utilities provided, no actual damages have been proved and only nominal damages may be recovered. See *Hodge* v. *Klug*, 33 Mass. App. Ct. 746, 756-757 (1992). Compare *Leardi* v. *Brown*, 394 Mass. 151 (1985).

Damages, possibly multiple, might have been recoverable had the tenant proved that the landlord had failed to provide adequate heating facilities, see *Berman & Sons* v. *Jefferson*, 379 Mass. 196, 197 (1979); *Lowery* v. *Robinson*, 13 Mass. App. Ct. 982 (1982); *Dorgan* v. *Loukas*, 19 Mass. App. Ct. 959, 960 (1985); *Montanez* v. *Bagg*, 24 Mass. App. Ct. 954 (1987); or that the arrangement actually had a negative impact on his use and enjoyment of the premises.[2] Damages might also have been recoverable had the tenant shown that he had objected to the arrangement during the tenancy,[3] that the rent and the cost of the utilities, together, were more than the fair rental value of the premises, or that there was a meter violation by the landlord, see *Lezberg* v. *Rogers*, 27 Mass. App. Ct. 1158 (1989). On the record before us, however, we answer the reported question

---

[2]The judge found that there had been some interruptions in the electrical service due to nonpayment. There was no mention of the duration or consequences of the interruptions, however. An award of damages based upon evidence of interruption of service might have been proper had a showing been made of the extent to which the interruption interfered with the tenant's use and enjoyment of the premises.

[3]A landlord may not compel a tenant to comply with such an oral agreement. At any time during the course of such a tenancy, the tenant may object to having to provide his own heat and hot water, and he may begin to deduct from the rent each month thereafter the amount paid for heat and hot water. The landlord, of course, may respond by raising the rent.

that the tenant was entitled to recover $25, plus a reasonable attorney's fee, but not the cost of providing his own heat and hot water during the tenancy.

*Janice J. Chiaretto* for the defendant.

*Peter M. Heintzelman* (*Gershon M. Gulko* with him) for the plaintiff.

*Henry Korman,* for Massachusetts Tenants Organization, amicus curiae, submitted a brief.