Dolan, PJ.
In this action, plaintiff seeks to recover collision damages pursuant to the collision coverage provisions of his automobile insurance policy with defendant Aetna Casualty and Surety Co. (“insurer”), which policy was acquired by him through defendant R.S. Gilmore, Inc. (“agent”). Plaintiff also seeks G.L.c. 93A damages incurred as a result of defendants’ failure to properly notify him of the pre-inspection requirements of G.L.c. 175, §113S applicable to collision insurance coverage for used motor vehicles. Defendants allege that the collision coverage provisions of the insurance policy were properly suspended because of plaintiff s failure to comply with those inspection requirements. The court found for both defendants on the contract claim and for the insurer on the G.L.c. 93A claim. The court found against the agent on the G.L.C. 93A claim and assessed damages in the amount of $20,500 and attorney’s fees in the amount of $6915. The agent has appealed, alleging that the court committed error in ruling that plaintiff s damages were caused by a violation of G.L.c. 93A. We find error and reduce the amount of damages to $25.
G.L.c. 175, §113S provides, among other things, that a motor vehicle liability insurance policy shall not provide physical damage (collision) coverage for a used passenger motor vehicle prior to an inspection of that motor vehicle by the insurer. It authorizes certain exceptions and requires the Commissioner of Insurance to promulgate regulations with respect to inspections. The regulations promulgated by the Commissioner authorize waiver of the inspection requirement in some cases, and deferral of the inspection in other cases. The deferral provisions of the regulations are applicable to this case.[2]
*105 The court found that (1) plaintiff, 25 years old, at the time of trial, was born in Quebec, Canada, and at age 15 moved to the United States. His education stopped at the ninth grade. (2) Plaintiff in the spring of 1990 purchased a 1986 Chevrolet Corvette at a price of $20,000. The $20,000 came from a $13,000 bank loan and $7,000 savings. (3) At the time of the automobile purchase, plaintiff had been for two years a customer of the agent, which had issued to him the insurer’s automobile insurance policies. (4) Plaintiff, on May 7,1990, went to the agent’s office for the purpose of transferring an outstanding automobile insurance policy to the Corvette. (5) He was serviced by a Wendy Gilmore who had been employed with the agent since 1987. (6) Plaintiff s 1986 Corvette came under the pre-insurance inspection requirements of M.G.L.c. 175, §113S, but he had no familiarity or knowledge of the inspection requirements. (7) Ms. Gilmore, without requiring a pre-inspection, issued to plaintiff an insurance policy including collision coverage for the 1986 Corvette. The agent, in effect, deferred the inspection but there is no evidence that any hardship was associated with this deferral. (8) Ms. Gilmore, did not explain the inspection requirements to plaintiff and did not secure from him an acknowledgement (“Form D”) of his understanding of the inspection requirements. On that date, the agency did not have any acknowledgement forms. (9) Ms. Gilmore, on May 9, sent by first class mail a notice (“Form B”) of the “Mandatory Inspection Requirement” which notice advised that a failure to secure an inspection would result in suspension of physical damage coverage on May 16,1990. Mr. Trepanier received this notice. (10) The insurer, on August 15,1990, processed plaintiffs insurance policy. On August 24, plaintiff was sent by a “Certificate of Mailing” a “Notice of Suspension of Physical Damage Coverage” advising him that because of his failure to have the car inspected physical damage coverage had been suspended at 12:01A.M. on May 15,1990. Mr. Trepanier received this notice. (11) On September 8,1990, plaintiff was involved in an accident and his ’86 Corvette sustained substantial damage. Plaintiff eventually had this vehicle repaired at a cost of $20,500. (12) Plaintiffs request for coverage was rejected by the agent, on the grounds that physical damage coverage had been suspended. Plaintiff appealed to the insurer, and the insurer’s claims adjuster, upon examining the file, indicated an intent to cover the loss. Later, the adjuster reversed her position and denied coverage. (13) On December 6,1990, plaintiff sent to the agent, a G.L.c. 93A demand letter.
The agent violated the provisions of 211 CMR 94.07 by not notifying plaintiff of the inspection requirement when plaintiff appeared in its office. By the terms of the regulations, any violation shall “be considered an unfair and deceptive act or practice in violation of M.G.L.c. 176D.” 211 CMR 94.14(2). In the circumstances of this case, the trial court committed no error in finding that the violation declared unfair and deceptive by the regulations is also a violation of G.L.c. 93A. The only issue is whether that violation caused the suspension of plaintiff’s insurance policy with the insurer.
Damages which may be awarded under G.L.c. 93A are limited to those caused by the c. 93A violation. Shaprio v. Public Service Mutual Ins. Co., 19 Mass. App. Ct. 648, 657 (1985); Trempe v. Aetna Casualty & Surety Co., 20 Mass. App. Ct. 448, 457 (1985); Martha’s Vineyard Auto Village, Inc. v. Newman, 30 Mass. App. Ct. 363, 368 (1991); Poncz v. Loftin, 34 Mass. App. Ct. 909, 910 (1993). The damages to plaintiffs automobile might have been recoverable if plaintiff had never received notice of the requirement, or had other circumstances arisen after the deferral which interfered witii or prevented his obtaining a pre-insurance inspection. However, in this case, the courtfound thatplaintiffreceived notice from the agent notifying him of the inspection requirement and advising him that a failure to receive an inspection would result in suspension of physical damage coverage. Plaintiff took no action after receipt of this notice. The court also found plaintiff received notice from the insurer that because of *106 his failure to have the car inspected, physical damage coverage had been suspended. Plaintiff took no action after receipt of this notice.
Plaintiff had no physical damage coverage on the date of his accident because he failed to act on what he knew and took no affirmative action to have his vehicle inspected and his insurance reinstated. In this case, plaintiff has incurred no damages with respect to the agent’s violation of G.L.c. 93A. Rather, the damage is caused by his own inaction. The judge’s determination that the plaintiffs loss was caused by the c. 93A violation is not supported by the evidence. Plaintiff is entitled to recover from the agent only nominal damages in the amount of $25, plus areasonable attorney’s fee.
The record is insufficient to review the award of attorney’s fees. Accordingly, the judgment against R.S. Gilmore, Inc. is modified to reduce the amount of damages awarded plaintiff against defendant to $25. In all other respects, the judgment is affirmed.

 211 CMR 94.07: Deferral of Inspection
(1) An insurer may defer an inspection for seven calendar days (not including legal holidays) following the effective date of coverage, on new business and on additional or replacement vehicles to an existing policy, if an inspection at the time of the request for coverage would create a serious inconvenience for the applicant.
(2)- (a) When an inspection is deferred pursuant to section (1) above or (4) below, an insurer, through its producer, shall either:
1. immediately obtain the prescribed acknowledgment (Form D) signed by the applicant if the applicant has applied for coverage in person: or
2. immediately confirm physical damage coverage and remind the applicant of the inspection requirement on a prescribed notice letter (Form B) if the applicant has applied for coverage either by mail or by phone.
(b) in addition to the notice requirements of 211 CMR 94.07(2) (a), the insurer, through its producer, shall furnish the applicant, at the time coverage is effected, with a list of inspection sites where the inspection can be conducted. The location of an inspection site or sites and the consequences of the applicant’s failure to obtain a timely inspection shall be furnished immediately to the applicant either in person, if the applicant has applied for coverage in person, or by telephone, if the applicant has applied for *105 coverage by phone. Documentation of such notice, including the name of the person giving the notice and the identity of the site (s) provided must be contained in the applicant’s policy record.