McHugh, J.
On the present record, I find that plaintiff has no likelihood of success on the merits of his complaint seeking continuation of paid leave under the provisions of G.L.c. 41, §11 IF. That being the case, his application for a preliminary injunction should be DENIED. See, e.g., American Grain Products Processing Institute v. Department of Public Health, 392 Mass. 309, 317-28 & n.23 (1984).
There is no doubt that defendants initially awarded plaintiff paid leave pursuant to G.L.c. 41, §11 IF. Under that statute, once paid leave commences, eligibility for that leave continues until (A) the employee voluntarily returns to work, (B) a physician appointed by the Town determines that a work-related incapacity no longer exists or (C) the employee is “retired ... in accordance with law.” Neither (A) nor (C) has occurred and the parties are divided over the occurrence of (B).
The Town’s application for plaintiffs involuntary accidental disability retirement under G.L.c 32, §§7, 16 was denied because a medical panel determined that there was no causal link between plaintiffs on the job accident and his total disability. That determination was upheld on appeal. Plaintiff thus is totally disabled and therefore a candidate for involuntary ordinary retirement under G.L.c. 32, §§6, 16. See MacDonald v. Commissioner of the MDC, 33 Mass.App.Ct. 455, 460-61 (1992).[1]
The medical panel convened in accordance with G.L.c. 32, §7 was required to consider essentially the same question of relationship of injury to work that a single physician would be required to consider under G.L.c. 41, §11 IF. Hayes v. City of Revere, 24 Mass.App.Ct. 675-76 (1987).[2] That being the case, at this preliminary stage there appears to be no reason why defendants cannot rely on the medical panel’s findings in order to terminate benefits under c. 41, §11 IF.
MacDonald v. Commissioner of the MDC, 33 Mass.App.Ct. 455 (1992), although not directly on point, at least broadly supports the proposition that the disability compensation and retirement process for public employees does not exalt form over substance and require separate medical panels to consider and opine on identical questions simply because separate statutes are involved.[3] Moreover, defendants’ position is consistent with the principle that an issue once decided by a competent tribunal cannot be relitigated by the dissatisfied party before a different tribunal. See generally Corrigan v. General Electric Company, 406 Mass. 478, 480-81 (1990); Lezberg v. Rogers, 27 Mass.App.Ct. 1158 (1989)(rescript).
ORDER
In light of the foregoing, it is hereby ORDERED that plaintiffs application for a preliminary injunction should be, and it hereby is, DENIED.

 The Town Manager’s “Findings of Fact” made in accordance with plaintiffs termination say that plaintiff has “thwarted” the Town’s involuntary ordinary retirement application. Apart from an inferential suggestion in the record that plaintiff failed to fill out some forms, it is not clear how the “thwarting” occurred. More important, it is difficult to understand how a voluntary act by the target of an involuntary retirement application can cause that application to fail. The absence of voluntary action by the retiring person, after all, distinguishes voluntary from involuntary retirement.

 Termination of paid leave under the provisions of C. 41, 11 IF is triggered by a medical finding not simply that an incapacity no longer exists but that “such incapacity,” i.e., a work-related incapacity, no longer exists. A medical conclusion that there is no nexus between an observed incapacity and work thus pulls the termination trigger §11 IF contains.

 Sunderland v. Torrisi, Civil Action 91-P-1002 (Appeals Court, March 12, 1993) was also cited by defendants and also broadly supports the same proposition. Sunderland, however, was decided under Appeals Court Rule 1:28, has no prece-dential value and should not have been cited. Purvis v. Commissioner of Correction, 29 Mass.App.Ct. 190, 192 n.5 (1990).