Greco, J.
This is a Dist/Mun. Cts. R. A D. A., Rule 8A appeal by the plaintiff of the entry of judgment for the defendant-tenants on the plaintiff’s summary process complaint for possession of commercial premises and unpaid rent.
The Rule 8A summary of “undisputed facts” describes a somewhat complicated arrangement between the parties for the operation of a sandwich shop on the premises in question. After subletting the premises from a third party, the plaintiff negotiated with the defendants for their occupation of the premises and operation of the business. It is not clear if the defendants became sublessees of the plaintiff or tenants at will. In any event, the defendants operated the sandwich shop pursuant to a franchise agreement with a fourth party.
It is unnecessary to decide either the defendants’ status as occupants or the legal rights and obligations flowing from the parties’ several contracts. The reason is that the plaintiff has failed to present any issue of law for appellate review. While the plaintiff’s notice of appeal and brief list as issues whether the evidence required findings in its favor as matter of law on its claims for both possession and damages, the plaintiff did not file Mass. R. Civ. R, Rule 64A(b) (1) requests for rulings of law to preserve these questions of the sufficiency of the evidence for appellate review. The plaintiff thus forfeited any right to appellate consideration of these issues. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172.
Given the plaintiff’s failure to file any requests for .rulings of law, this case is governed by Ducker v. Ducker, 1997 Mass. App. Div. 147, 148, wherein this Division stated:
*181 Unlike a trial de novo, an appeal to this Appellate Division or any appellate court is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial court’s rulings. Breault v. Chairman of Board of Fire Comm’rs, 401 Mass. 26, 32 (1987); Huikari v. Eastman, 362 Mass. 867 (1972); Chadwick v. Desroches, 333 Mass. 768, 769 (1956). Questions of law are ordinarily raised and preserved at a district court trial by the filing of Mass. R. Civ. R 64A requests for rulings of law at the close of the evidence. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 103-104 (1975); Hogan v. Coleman, 326 Mass. 770, 772 (1951); Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251. The [plaintiff] filed no requests for rulings of law, and [its] mere objection to, or charge of error in, the trial court’s general finding for the [defendants]... presents no question for appellate review. The question of the correctness of a general finding or decision cannot be raised by an exception or claim of report or appeal.... The reason is that exceptions or claims of report or appeals lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented.’ Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955).
Id. at 148.
There are other, limited situations in which appellate review may be obtained even in the absence of requests for rulings of law, including those in which the basis of the trial judge’s ultimate finding is a discrete ruling of law clearly set forth in the record, or when a case is submitted to a trial court on the basis of a “case stated.” See Cummings Properties Mgm., Inc. v. C.T. Whittier & Assoc., Inc., 1997 Mass. App. Div. 153, 154. Neither of those situations is presented here. The summary of undisputed facts prepared by the plaintiff solely for this Rule 8A expedited appeal, to which the defendants filed no objection, did not constitute a case stated upon which the action was submitted to the trial court.
Appeal dismissed.
So ordered.