Coffey, J.
This matter is an appeal filed by the defendant, Friedline & Carter Adjustment, Inc. (“Friedline”), pursuant to Dist./Mun. Cts. RAD.A, Rule 8C. At the close of the evidence presented at trial by the plaintiff, E.B. Horn Company (“E.B. Horn”), Friedline made a motion for involuntary dismissal pursuant to Mass. R. Civ. R, Rule 41 (b) (2). The trial judge denied the motion, and Friedline now appeals.
This matter arose out of Friedline’s refusal to pay E.B. Horn for electronic equipment. Friedline is an insurance adjusting firm that represents insurance companies in property loss matters. E.B. Horn’s replacement division provides replacement cost quotations for damaged or stolen property to insurance companies and outside adjustment companies.
In November of 1998, Friedline was adjusting a claim for the Merrimack Mutual Fire Insurance Company (“Merrimack Mutual”). The claim involved John and Cheryl Pasquariello, who were Merrimack Mutual’s insured. Friedline sent a facsimile to E.B. Horn seeking replacement cost quotations for some electronic equipment, and E.B. Horn sent replacement cost quotations back to Friedline.
At some point after this exchange, E.B. Horn contacted the Pasquariellos and arranged for them to pick up the replacement items at a Circuit City store. E.B. Horn then sent an invoice to Friedline for $6,160.98, which was the cost of the equipment picked up by the Pasquariellos. When Friedline refused to pay E.B. Horn for the equipment, E.B. Horn filed an action against Friedline.
During the trial, it was revealed that Friedline’s refusal to pay E.B. Horn was based on Merrimack Mutual’s issuance of a check to the Pasquariellos. Therefore, the Pasquariellos received both the money and the replacement equipment.
After denial of Friedline’s motion for involuntary dismissal under Mass. R. Civ. E, Rule 41 (b) (2), the trial judge found for E.B. Horn. The trial judge awarded damages to E.B. Horn of $6,160.98, plus interest of $1,355.42 and costs of $116.50.
The standard for review of a motion for involuntary dismissal under Mass. R. Civ. P, Rule 41(b) (2) is whether any combination of circumstances in the evidence permits a reasonable inference to be drawn in the plaintiff’s favor. Jackson v. Shaw’s Supermarkets, Inc., 2001 Mass. App. Div. 157, 158. In order to rule on such a motion, the trial judge must consider both the facts and the applicable law. Id.
In its notice of appeal, Friedline challenged both the trial judge’s denial of the motion for involuntary dismissal and the trial judge’s implicit finding that there was a contract for the sale of goods between E.B. Horn and Friedline. Friedline asserts that this finding was “clearly erroneous in light of all the evidence.”
Friedline failed to preserve an issue of law for appellate review by its failure to file requests for rulings of law at the trial court level. See Subway Real Estate Corp. *115 v. Marinello, 1999 Mass. App. Div. 180, 180. In order to preserve issues related to the sufficiency of the evidence for appellate review, Friedline was obligated to file requests for rulings on the sufficiency of the evidence in the form prescribed by Mass. R. Civ. R, Rule 64A(b). See Morris v. Centola, 2001 Mass. App. Div. 39, 40; Subway Real Estate Corp. v. Marinello, supra at 180181. Because Friedline failed to raise issues regarding the sufficiency of the evidence by proper requests, those issues have not been preserved for appellate review.
Moreover, even if we were to reach the substantive issue raised by Friedline in its notice of appeal, we would not characterize Friedline’s action against E.B. Horn as one for the enforcement of a contract for the sale of goods. From the evidence produced at trial, it does not appear that the arrangement between E.B. Horn and Friedline was a contract for the sale of goods. A contract of this type would trigger the requirement of a written contract for sale under the statute of frauds, G.L.c. 106, §2-201(1), which provides in pertinent part as follows:
[A] contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.
E.B. Horn was not really selling goods to Friedline in exchange for payment in the manner contemplated by the Uniform Commercial Code’s statute of frauds. Rather, E.B. Horn was providing a service to Friedline, and part of that service involved the transfer of goods to a third party. Friedline would then reimburse E.B. Horn for the cost of the goods.
Therefore, the evidence presented at trial was sufficient for the trial judge to have concluded that the contract between E.B. Horn and Friedline involved services and not sale of goods. No written contract under G.L.c. 106, §2-201(1) would be required in such a case.
Accordingly, for the reasons stated herein, the trial judge’s denial of Friedline’s motion for involuntary dismissal under Mass. R. Civ. P. 41(b)(2) and finding for E.B. Horn are affirmed, and Friedline’s appeal is dismissed.