Rutberg, J.
This is an appeal of the judgment after a jury-waived trial in favor of the credit card company, Chase Bank USA, N.A (“Chase”), against a cardholder, Judith Baker (“Baker”), on the second count of the complaint. The complaint had two counts: the first sounded in contract, and the second in unjust enrichment. The trial judge allowed Baker’s motion for Mass. R. Civ. R, Rule 41(b) (2) involuntary dismissal of the contract count at the close of Chase’s case, which was not appealed. Baker renewed her motion with respect to the unjust enrichment count at the close of all the evidence, and that motion was taken under advisement. The trial judge issued a memorandum of decision finding for Chase on the unjust enrichment count, implicitly denying Baker’s motion for an involuntary dismissal.
Baker contends that there is insufficient evidence in the record to allow the trial judge to have made the finding that she was unjustly enriched. We agree, and we reverse the judgment.
In determining whether there is sufficient evidence in the record to warrant a finding for Chase on the unjust enrichment claim, we must view the evidence in the light most favorable to Chase, resolving any ambiguities in its favor. Wendt v. Barnum, 2007 Mass. App. Div. 93, 95. “Unjust enrichment... requires more than benefit. The benefit must be unjust. ...” Community Bldrs., Inc. v. Indian Motorcycle *126 Assocs., Inc., 44 Mass. App. Ct. 537, 560 (1998), citing Salamon v. Terra, 394 Mass. 857, 859 (1985).
The evidence that was adduced at trial shows that a credit card application was made over the telephone giving Baker’s name, address, and her mother’s maiden name. That credit card was used over a period of years: charges were made to it, at least one balance transferred onto it, and payments made toward balances. While there is no evidence in the record that Baker actually received any statements from Chase, she did testily that “[ajnything that I got [in the mail] that wasn’t something I knew about, I just brought to the [her husband’s] store and gave to the bookkeeper.” Baker denied ever applying for, receiving, using, or receiving any benefit from Chase or the credit account that underlies this action. Chase presented no evidence that Baker herself ever applied for, used, or allowed the use of the credit card.
“One essential element of relief for unjust enrichment is of course the enrichment of the defendant.” Keller v. O’Brien, 425 Mass. 774, 778 n.8 (1997), quoting 1 G. PALMER, RESTITUTION §1.7, at 41 (1978). The trial judge stated that monthly statements were sent to Baker’s home address for over two years without complaint, and there is evidence to support this finding. However, the judge found that “even if some or even most of the charges were made for good[s] or services used in her husband’s business, the income from the business and therefore the purchases directly or indirectly benefitted her.” The record is completely bereft of any evidence as to the sources of any charge made to the credit card account. The record is equally bereft of any evidence that Baker’s husband, let alone his business, supported Baker. In sum, there was no evidence presented at trial that Baker ever received any benefit, be it just or unjust, from the credit card account upon which Chase filed this action.
The judgment of the trial court on count 2 of the complaint is reversed.
So ordered.