NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1441

JESSICA M. PERRAULT

vs.

BARBARA BROOKS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jessica M. Perrault (plaintiff), brought a small claims action in the Housing Court against her landlord, Barbara Brooks (defendant), seeking reimbursement for electricity fees that she paid as the defendant's tenant and alleging a violation of G. L. c. 93A.  A first assistant clerk-magistrate awarded the plaintiff $1,245.10, which included $334.40 in damages and $761 in attorney's fees.  After the defendant appealed the judgment pursuant to G. L. c. 218, § 23, a judge of the Housing Court found for the plaintiff but altered the award to $1,211.30, which included $668.80 in damages and attorney's fees of $442.50.  In appealing from the judgment, the plaintiff argues that the judge (1) made erroneous factual

findings and evidentiary errors concerning the production of evidence, (2) undercounted actual damages and attorney's fees, and (3) violated the plaintiff's due process rights.  We affirm.

Background.  In April 2017, the plaintiff and defendant entered into a rental agreement for the plaintiff to lease an apartment.  The rental agreement did not include whether the plaintiff or defendant would pay for electricity costs, but the parties verbally agreed that the plaintiff would pay for electricity.  In July 2018, the defendant installed a "ductless mini-split" air conditioning and heating system into the plaintiff's unit.  After the installation, the plaintiff noticed that her electrical usage had increased despite turning off the mini-split; she notified the defendant in September 2018.  After investigating the problem, the defendant discovered a problem with the meter where another unit's electric usage was being counted towards the plaintiff's unit.  To remedy the problem, the defendant agreed to pay $345 to the plaintiff, which constituted the difference in electricity costs between the months where the plaintiff's usage had been cross-metered and the same months from the year prior.

Following this meeting, however, the plaintiff's attorney served the defendant with a demand letter pursuant to G. L. c. 93A, alleging several unfair and deceptive acts and practices

relating to her tenancy and demanding $6,458.16.  At trial, the plaintiff argued that she was entitled to all electricity costs incurred during the time of her tenancy, approximately $2,663.93, due to a lack of signed agreement specifying her responsibility to pay electricity under the state sanitary code, 105 Code Mass. Regs. § 410.354 (2005), as well as attorney's fees of $1,119.15 under G. L. c. 93A.  A magistrate awarded the plaintiff $1,120.40 plus costs of $100.00; the defendant noticed an appeal, which was untimely, but was granted an extension.  A judge of the Housing Court concluded that the defendant's $345 payment to the plaintiff was an accord and satisfaction that remedied the problem of the plaintiff's inflated electrical usage, but determined the plaintiff was entitled to actual damages of $334.40,[1] money damages under G. L. c. 93A of $334.40, and attorney's fees in the amount of $442.50.

Discussion.  1.  Burden of producing evidence.  The plaintiff first argues that the judge committed several errors in his factual findings and conclusions of law concerning the production of evidence, asserting the following:  (1) the judge erred in finding the plaintiff did not submit evidence to demonstrate violations of the warranty of habitability because

_____

[1] The plaintiff incurred $334.40 in electricity charges from the time she sent the demand letter pursuant to G. L. c. 93A until she vacated the unit in February 2020.

3

it was the defendant's responsibility to submit the Board of Health inspection report into evidence; (2) the judge erred in finding the defendant's violation of the state sanitary code did not cause the plaintiff's unit to be uninhabitable because the defendant offered no evidence that the cross-metering problem was fixed; and (3) the judge committed an evidentiary error by not asking for the Board of Health inspection report to be entered into evidence despite it being discussed. These arguments reflect a misunderstanding of the plaintiff's burden. It is a basic tenet of our common law that the party bringing a civil action bears the burden of proving the essential elements of a claim. See, e.g., Frontier Enters., Inc. v. Anchor Co. of Marblehead, Inc., 404 Mass. 506, 513 (1989); Smith v. Hill, 232 Mass. 188, 190 (1919). Thus, because it was the plaintiff's burden to submit evidence to support her claims, the judge did not commit error here.

2. Damages. The plaintiff also asserts that the judge erred by failing to award damages for the full relevant time period, which the plaintiff contends is between when the mini-splits were installed until the end of her tenancy. The amount of actual damages is a question of fact for the judge, and "[w]e will not disturb a judge's findings of fact in a c. 93A claim

4

unless those findings are clearly erroneous." Clegg v. Butler, 424 Mass. 413, 420 (1997).

Because the plaintiff did not request the defendant pay the electric charges until around December 2018, and the plaintiff served the defendant with the demand letter on or around January 3, 2020, the judge did not commit clear error in measuring the plaintiff's actual damages using the period between when the plaintiff served her chapter 93A demand letter and when she vacated her unit. See Poncz v. Loftin, 34 Mass. App. Ct. 909, 910-911 (1993) (damages for state sanitary code violation, 105 C.M.R § 410.354 (2005), do not include recovery of tenant's heat and hot water costs that tenant incurred prior to demand that landlord pay utilities when "essence of the violation . . . was the failure to reduce the oral agreement to writing").

Nor was it clear error for the judge, in calculating damages, to conclude that the defendant's $345 payment to the plaintiff to reimburse the plaintiff for expenses incurred as a result of the cross-metering was an accord and satisfaction. See Williams v. B & K Med. Sys., Inc., 49 Mass. App. Ct. 563, 570 (2000) (accord and satisfaction defense is question of fact and reviewed for clear error). "The defense of accord and satisfaction is premised on the principle that '[i]f a creditor, having . . . [a] disputed claim against [her] debtor, accepts a

5

sum smaller than the amount claimed in satisfaction of the claim, [she] cannot afterwards maintain an action for the unpaid balance of his original claim.'" Cuddy v. A & E Mech., Inc., 53 Mass. App. Ct. 901, 901 (2001), quoting Chamberlain v. Barrows, 282 Mass. 295, 299 (1933). While the plaintiff argued that the $345 payment only partially reimbursed her for the extra costs she incurred from the cross-metering, the record reflects that the defendant offered the payment as full reimbursement for the cross-metering charges, and the plaintiff accepted the payment with this understanding. See Wong v. Paisner, 14 Mass. App. Ct. 923, 924 (1982) ("acceptance and deposit of a check offered in full payment of a disputed claim constituted an accord and satisfaction and bar[red] an attempt to collect any balance outstanding"). See also Malave v. Carney Hosp., 170 F.3d 217, 222 (1st Cir. 1999) ("accord and satisfaction requires a voluntary, mutually assented to exchange of money for a release").

The plaintiff also argues that the judge erred in his calculation of attorney's fees by undercounting the number of hours the plaintiff's attorney spent working on the action. We review an award of attorney's fees for abuse of discretion. See WHTR Real Estate Ltd. Partnership v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 235 (2005). Here, the plaintiff has not

6

offered a sufficient reason to suggest the judge abused his discretion, particularly given that the judge took note of the plaintiff's billing records and reduced the award given by the magistrate.  See Blake v. Hometown America Communities, Inc., 486 Mass. 268, 284-285 (2020).  As such, we decline to disturb the judge's award of attorney's fees where the judge used the lodestar method to identify the number of hours reasonably spent by the plaintiff's attorney on the chapter 93A claim and determined the hourly rate to be reasonable.  See Siegel v. Berkshire Life Ins. Co., 64 Mass. App. Ct. 698, 706 (2005).

2.  Due process.  The plaintiff also asserts multiple arguments concerning her right to due process.  Specifically, the plaintiff claims that the judge did not give the plaintiff a chance to address statements made by the defendant that were "false, hearsay, or misleading."  However, the plaintiff does not identify any specific statements she takes issue with.  Thus, this contention does not rise to the level of appellate argument, and we decline to consider the point further.  See Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019).

The plaintiff also argues that she was not afforded the opportunity to address the defendant's alleged violation of

G. L. c. 186, § 15D.[2]  We review trial management decisions by judges for abuse of discretion.  See Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).  The plaintiff did not complain of the defendant's alleged failure to deliver a copy of the new lease in her statement of small claims, and only briefly mentioned the issue at trial without providing any legal authority.  Upon review of the record, we conclude that the judge did not abuse his discretion.  The plaintiff was given ample opportunity to present her case, and the judge acted appropriately as manager of the trial to focus the parties on the issues reflected in the plaintiff's statement of small claims and those primarily raised at trial.  See Goldman v. Ashkins, 266 Mass. 374, 380 (1929) ("The trial ought continuously to march forward without repetitions and without diversions into collateral or disconnected matters.  The judge ought to be always the guiding spirit and the controlling mind at a trial in this as in other particulars").

Finally, the plaintiff argues the judge erred in allowing the defendant's late appeal of the magistrate's judgment.  See G. L. c. 218, § 23 (defendant may file claim of trial by jury

---

[2] The section provides in relevant part:  "A lessor who has agreed orally to execute a lease and obtains the signature of the lessee shall, within thirty days thereafter, deliver a copy of said lease to the lessee, duly signed and executed by said lessor."

8

within ten days of receiving adverse small claims judgment).  In granting the defendant an extension and crediting the defendant's claims that she did not receive the judgment by mail and subsequently called the clerk's office to remain apprised of the case, the judge did not abuse his discretion.  See Travis v. McDonald, 397 Mass. 230, 234 (1986) (judge has discretion to decide small claims case should be heard by jury).[3]

                                        Judgment affirmed.

                                        By the Court (Henry, Smyth & Toone, JJ.[4]),

                                        Clerk


Entered:  August 22, 2025.

---

[3] Regarding additional claims raised by the plaintiff, we conclude that they do not merit further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954) ("Other points, relied on by the [appellant] but not discussed in this opinion, have not been overlooked.  We find nothing in them that requires discussion").

[4] The panelists are listed in order of seniority.

9